## OWNERS OF GROUND, &C. *vs.* THE MAYOR, &C. OF ALBANY.

Private property cannot be taken for public use *without notice* of the pro-
ceeding to the owner; but it is competent to the legislature to direct the
*mode* of giving such notice, and if the requirements of the statute in such
case be complied with, it is sufficient.

Taking the grounds of individuals in a city, to convert into a *public square* is
taking private property *for public use,* as much so as if such grounds were
converted into a *street ;* and the fact of the *damages* being assessed upon
the owners of adjoining property, instead of being levied as a general tax
upon the city, is no evidence that the property is not taken for *public use.*

An incorporated company who own a lot in the vicinity of a public improve-
ment are not liable to be assessed for benefit, if, by the terms of the grant
by which the lot is held, it can be appropriated only to a *specific use,*
which by possibility cannot be rendered more advantageous by the open-
ing of a street or square in its neighborhood ; but the company may be
assessed for benefit to adjoining grounds not thus restricted.

This court cannot quash proceedings had in a subordinate court, on the
ground that the damages apportioned to owners benefitted are unreason-
ably high or extravagant.

Nor will proceedings be quashed, although it appear that *one* of *twelve* jurors
acted upon an erroneous principle in the estimates he made of damage
and benefit.

Nor on the ground that the jury were not accompanied by an officer in
viewing the premises, unless a *view* was formally ordered by the court in
which the proceedings were had.

Where, in cases of this kind, the law authorizes the costs and expenses of
the proceeding to be added to the amount of damage and recompense

found by the jury, the costs of a previous inquisition in the same pro-
ceeding set aside by the court, may properly be included in the amount
found by the jury.

NEW-YORK,
May, 1836.

Owners of
Ground, &c.
v.
Mayor, &c. of
Albany.

STREETS and public squares.  In June, 1834, the common
council of the city of Albany directed the opening of a *public
square* between Pine and Steuben streets.  A *notice* was pub-
lished according to the requirements of the statute, *Laws of
1826, page* 203, § 54, specifying the ground required, and the
time and place at which the damages and recompense to the
owners thereof would be enquired into and assessed, and the
*damages apportioned amongst the owners of ground to be
benefitted.*  An inquisition of a jury empannelled for the pur-
pose was made and returned, but set aside on the ground of
the *interest* of one of the jurors.  A new jury were then sum-
moned, who returned an inquisition ; and on the motion to
confirm it, various objections were made to the confirmation ;
all of which were overruled by the mayor's court.  Where-
upon the parties aggrieved, sued out a *certiorari.*  The ques-
tions presented by the case appear in the opinion delivered
by the chief justice.  The case was argued by

*O. Meade & M. T. Reynolds,* for the plaintiffs in error.

*T. W. Harman & H. Bleecker,* for the corporation.

*By the Court,* SAVAGE, Ch. J.  The plaintiffs' counsel
make two points : 1. That the proceedings were unconstitu-
tional and void ; 2. If not unconstitutional, they were illegal
and should be set aside.

*First.*  It is alleged that the proceedings are unconstitution-
al, because *no notice* was given to Richard D. Betts, who was
assessed $41,20 as the owner of ground *benefitted.*  It is ad-
mitted that no personal notice was served on Mr. Betts nor
any notice, except a general notice published in the newspa-
per printed by the state printer, that a certain piece of ground,
describing it, was required for a public square, and that on
a certain day and place at a mayor's court, to be held, &c.
the damages which the owners would be entitled to would
be enquired into and assessed ; and that the amount of such

NEW-YORK,
May, 1836.

Owners of
Ground, &c.
v.
Mayor, &c. of
Albany.

damages would be *apportioned and assessed upon the own-ers of houses and lots which would be benefitted,* in proportion to the advantages which such owners should be deemed to acquire. This notice is the precise notice which the statute prescribes; and although it may be admitted that property cannot regularly be taken or assessments made which shall be obligatory *without notice* to the owner, yet it cannot be denied that it is competent for the legislature to say *what notice* shall be sufficient. If we were to assume that *personal notice* should be necessary, a stop might be put to all public improvements when private property must be taken; if it be contended that notice ought to be given upon the land, then it might never reach the owner, who may be at a great distance or unknown. The only reasonable rule therefore, is, that the legislature shall prescribe what notice shall be given. They have done so in this instance, and their requirement has been complied with. But it cannot be conceded that any constitutional question properly arises in relation to Mr. Betts. His property has not been taken for public use; and on this occasion we are bound to assume that he has received a full equivalent for the assessment laid upon him. His property has been benefitted to an amount equal to the assessment; there has therefore been nothing taken from him for public use. In theory, and I doubt not in practice, too, his property, in consequence of this improvement, will sell in market for an enhanced price, to as great an amount as the assessment, and probably greater. It is only when the assessments for benefit exceed the actual benefit, that money so paid may be said to be private property taken for public use; and then it is not the taking private property contemplated by the constitution, although it is conceded the operation upon the owner is much the same.

The second reason assigned against the constitutionality of these proceedings is, that the purposes for which the property is thus taken are not public, because the benefit is limited to, and the expense assessed upon a few individuals. Private property is taken for public use, when it is appropriated to the common use of the public at large. A stronger instance cannot be given, than that of a lot of an individual in

a city converted into a street; the former owner has no long-NEW-YORK,
May, 1836.

Owners of
Grounds, &c.
v.
Mayor,&c. of
Albany er any interest in or control over the property, but it becomes the property of the public at large, and under the control of the public authorities. A public square depends on the same principle; it is for public use, whether it is intended to be travelled upon or not. The mode of compensation for such property is not important; it was formerly out of the public purse; but there is no injustice in requiring those individuals to make the compensation who receive from the improvement an equivalent and more, in the enhanced value of their own adjacent property; and whether the number is large or small does not affect the question.

The second general point of the plaintiffs in error is, that although the proceedings may be constitutional, yet they are illegal and irregular. It is said that the jury assessed the property of the *Albany Water Works Company* without regard to its limited use. The fact is, that the lot conveyed by the corporation of the city to the water works company, and which, by the conveyance, cannot be appropriated to any other use than as a site for a reservoir, has not been assessed at all; but their property which they hold free from such restriction has been assessed, and very possibly assessed too high. Whether the assessment is just or not, is not a question for us; it is whether it is lawful; whether the property was lawfully liable to assessments. On that subject there can be no reason to doubt. Property which the company could never use for any purpose other than as the site for a reservoir for their water, could not be benefitted by any improvement in the vicinity; but property which they by possibility may use for other purposes, may be said to be benefitted. For instance, should the reservoir of the company be located in some other place, that part not assessed would revert to the corporation who granted it; its enhanced value would not go to the water works company, but to the corporation; but the residue of their lot might then be used for building lots. It was therefore subject to assessment. In my opinion, that assessment should have been only nominal. Those whose province it was to decide that question thought otherwise.

NEW-YORK, Whether they are right or not depends on the probability there
May, 1836. is that the lots may hereafter be converted to uses other than
Owners of those to which they are now appropriated. If an error has
Grounds, &c. been committed in the amount of the assessment, we cannot
v.
Mayor, &c. of correct it.
Albany.

The fact that one of the jurors acted upon an erroneous principle, and made no difference whether the lots were built upon or not, ought not to vitiate the whole assessment. We cannot presume the other jurors have acted upon that principle, as a contrary rule was given them in charge by the court.

It is objected also that the costs of the former proceedings were included in the assessment. Those former proceedings were part of the present proceedings. An inquisition of one jury was set aside, but the proceedings did not terminate; a new venire was issued, and a new jury summoned who made the present inquisition. It was decided in the case of the *Canal Bank*, that costs could not be included in the assessments. The legislature, at their next session, amended the law on the subject, and expressly authorized the costs, charges and expenses to be added to the amount of damages and recompense. *Laws of 1833, p.* 214.

Another objection is, that the jury were a jury of *view*, and were not accompanied by an officer. The fact does not sustain this objection. There was no view ordered; the jurors may have individually examined the premises, but no formal view was ordered or had, at least the record does not so state it. I can find, therefore, no cause for reversing the proceedings in the mayor's court.

Proceedings of the mayor's court of Albany confirmed.