LYON *vs.* THE CITY OF BROOKLYN.

The true and exact apportionment of the expenses of grading and paving streets in cities can never be determined by any fixed rule. Like the assessment of unliquidated damages by a jury, the sum to be contributed by each owner must rest in the judicial discretion of the assessors. The most that can be attained, or hoped for, is an approximation to what is just. *Per* BROWN, J.

From the very nature of the duty assigned to assessors, their power in determining the amount which each particular piece of property chargeable shall contribute, must be nearly absolute, and their report or assessment roll final and conclusive ; unless it is of such a character as to shock common sense, and furnish intrinsic evidence of fraud, or other misconduct. *Per* BROWN, J.

The supreme court cannot legally vacate or set aside an assessment for the expenses of grading and paving a street in the city of Brooklyn, upon the sole ground that the assessors have not distributed the expenses of the improvement in due proportion upon the lands which are chargeable.

APPEAL from a judgment of the city court of Brooklyn, overruling a demurrer to the complaint. The plaintiff, by his complaint, sought to have a certain assessment and sale, and the proceedings therefor, adjudged illegal, irregular, and void, and for other relief. The assessment was for grading and paving Bush street, from Court street to Hamilton avenue, and the complaint charged that the expense of said improvement was not assessed upon the property benefited thereby in proportion to the amount of said benefit, inasmuch as the true value of the said lot before and at the time of said improvement was only three hundred dollars, while the assess-

ment imposed upon said lot exceeded the value thereof, after said improvements, by upwards of two hundred dollars. The complaint did not point out any defect or irregularity in the proceedings to lay the assessment. The defendants demurred to the complaint. The city court of Brooklyn overruled the demurrer. The plaintiff entered judgment, and the defendants appealed.

*D. P. Barnard*, for the plaintiff.

*S. E. Johnson*, for the defendant.

*By the Court*, BROWN, J. The prayer of the complaint in this action is, that an assessment of the expenses for grading and paving Bush street, from Court street to Hamilton avenue, in the city of Brooklyn, may be adjudged illegal, irregular and void, and that the certificate of the sale of the plaintiff's lands to satisfy the moneys charged thereon by the assessment be delivered up and canceled. The case comes here upon an appeal from the city court, where it was decided against the defendant upon demurrer to the complaint. No other error or irregularity is alleged in the proceedings of the assessors and common council but this, " that the expense of the improvement for grading and paving the street was not assessed upon the property benefited in proportion to the amount of the benefits." It is not thought that the common council of the city have omitted to take in due form any of the proceedings required by law ; or that the assessors have neglected any necessary act on their part, or committed any fraud or other wrongful act. But the court below was asked to vacate the assessment and the subsequent proceedings for the collection of the money, upon the sole ground that the assessors had not distributed the expenses of the improvement in due proportions upon the lands chargeable. The true and exact apportionment of the expenses can never be determined by any fixed rule. Like the assessment of unliquidated damages by a jury, the sums to be contributed by each owner

must rest in the judicial discretion of the assessors. What would seem just to one set of men might seem quite unjust to another, and the most that can be attained, or hoped for, is an approximation to what is just. Were the courts to interfere and vacate these verdicts, for no other reason than a difference of opinion between the judges and assessors in regard to the quantity of expense chargeable upon a particular piece of land, few street assessments would be able to stand. From the very nature of the duty assigned to the assessors, their power over the sums of money which each particular piece of property chargeable shall contribute must be nearly absolute, and their report or assessment roll final and conclusive, unless it is such as shall shock the common sense, and furnish intrinsic evidence of fraud or other misconduct.

The 23d section of the 4th title of the act of the 17th April, 1854, to consolidate the cities of Brooklyn and Williamsburgh, directs the assessors to assess the expenses of such improvements upon the several lots, pieces or parcels of land benefited, in proportion to the benefit which, in their opinion, the same shall derive from, or in justice ought to be assessed for, the improvement. The same question arose in the case of the *Owners of Ground &c.* v. *The Mayor &c. of Albany,* (15 *Wend.* 374,) which was a certiorari to review the inquisition of a jury apportioning the damages incurred in the opening of a street. Amongst other errors, it was alleged that the jury had assessed certain property without regard to its limited use. On that point Chief Justice Savage remarked, " Whether the assessment is just or not, is not a question for us. It is whether it is lawful; whether the property was lawfully liable to assessment. On that subject there can be no reason to doubt. It was, therefore, subject to assessment. In my opinion, that assessment should have been only nominal. Those whose province it was to decide the question thought otherwise. Whether they are right depends on the probability there is that the lots may hereafter be converted to uses other than those to which they are

now appropriated. If an error has been committed in the amount of the assessment, we cannot correct it." (*See also Albany and West Stockbridge R. R. Co.* v. *The Town of Canaan*, 16 *Barb.* 244; *Bouton* v. *The City of Brooklyn*, 15 *id.* 395.)

It is said, however, that the demurrer admits the truth of the statement in the complaint, that the expense of the improvement was not assessed upon property benefited thereby in proportion to the amount of the benefit. If the effect of the demurrer is to be limited to an admission of the truth of the exact words of the complaint, then it becomes of consequence to ascertain whether the language, thus admitted to be true, asserts a fact which, in connection with the preceding allegations of the complaint, make out a cause of action. The 23d section of the act to which I have referred does not require that the expenses shall be assessed upon property benefited in proportion to the benefits, but upon property benefited in proportion to the benefit which, *in the opinion of the assessors,* the same shall derive from the improvements. So that, upon strict technical rules, the complaint is itself defective in omitting a most material qualification in the mode of making the estimate. This view is altogether too technical. We are to look at the substance of things. If the important words, "in their opinion," were omitted from the act, as they are from the complaint, they would still be implied; because the degree and value of the benefits which the improvement confers upon a given piece of property cannot be otherwise than matter of opinion. It cannot be measured by any other standard. The demurrer must, therefore, be taken to admit the fact set up in the complaint, qualified by the words which I have quoted, and which are to be implied, and nothing more. See to what result any other construction would lead. If the defendant should answer, he would aver that the expenses were assessed upon property benefited, in proportion to the benefits which it derived from the improvement. Thus there would be an issue which this court has said it could not consider

and determine, because the law confided it to another tribunal. We should then have reached the question presented by the demurrer, to wit, whether the court can legally vacate and set aside an assessment for the expenses of grading and paving a street in the city of Brooklyn, upon the sole ground that the assessors have not distributed the expenses of the improvement in due proportions upon the lands which are admitted to be chargeable.

The judgment of the city court should be reversed.

[KINGS GENERAL TERM, December 14, 1858. *S. B. Strong, Emott* and *Brown,* Justices.]