SARAH WHITCHER, PETITIONER, *v.* THE TOWN OF BENTON.

Where a wife owns an undivided interest in common with her husband, in lands over which a public highway is laid out, she is entitled to receive a written previous notice of the hearing, and to an award of damages in proportion to her interest.

Notice to one tenant in common can affect his own share only, and a notice to the husband alone will not bind the wife.

The wife may have redress by application to this court, within one year after the said highway shall be opened, and made agreeably to the 10th section of chapter 53 of the Compiled Statutes.

THIS is a petition for damages for laying out a highway over land of the petitioner in Benton.

The claim of the petitioner is founded on the 10th section of the 53d chapter of the Compiled Statutes.

The petitioner is the wife of Chase Whitcher, of said Benton, to whom she was married about nineteen years ago, and said land belonged to her prior to her said marriage, and, by virtue of an ante-nuptial contract entered into between the petitioner and said Chase, and duly acknowledged and recorded, she has ever since said marriage held or been entitled to hold, said land to her "sole and separate use free from the control and interference" of her said husband, according to the provisions of the 12th section of the 158th chapter of the Compiled Statutes.

Said highway was laid out partly in Benton, and partly in Landaff, by the selectmen of said towns, as a joint board, under the act of June 27, 1859, entitled, "An act authorizing selectmen of adjoining towns to lay out highways in certain cases."

A written notice in due form of the time and place of hearing, directed to said Chase Whitcher, was duly served on said Chase Whitcher, but no written notice was served on the petitioner, except that said notice to Chase Whitcher was delivered to her in hand, for said Chase, with verbal information to her that it was a notice to her husband of the hearing upon the petition for the Brook road, so called, by which name the route in question was commonly called in that neighborhood. Said Chase was absent from his house at the time said notice was delivered. Said notice contained no description, nor mention, of said land of the

petitioner. The hearing upon said petition was at the dwelling house of Daniel Whitcher, in Landaff, about three-fourths of a mile from the residence of said Chase and the petitioner; and the petitioner was aware, at the time of said hearing, that a hearing was then in progress upon said petition. All that part of said route which is on land of said Chase and of said petitioner is in plain sight of the dwelling house of said Chase and wife.

This petition was filed within one year after said highway was opened and made.

No damage was awarded to the petitioner, but damages to the amount of $15 were awarded to said Chase and Ira Whitcher, said Ira being the owner of one undivided fourth part of said land in common with the petitioner, but neither said Chase nor the petitioner has ever received said sum nor any part of it, though it was duly tendered to said Chase.

Said Ira Whitcher was one of the selectmen of said Benton at the time of said hearing, and acted as such in laying out said highway, and knew of said ante-nuptial agreement, and of the petitioner's rights under it as still subsisting, but supposed that the notice should properly be given to said Chase.

Said Chase was in the occupation of said Sarah's share of said land, and was using, carrying on and managing the same, and taking to himself the profit thereof, at the time of the laying out of said highway, by the permission of said Sarah, and had done so ever since their marriage; and during all of said time said shares had been taxed to said Chase, and the taxes thereon paid by him, except that, for one or two years, the taxes have not been paid by him, but he has made no objection to having the land taxed to him.

The foregoing facts are agreed to for the purpose of having the questions of law arising thereon settled; but any of the facts aforesaid may be tried, if thought material, upon evidence to be taken with notice, should either party so elect, and in that case said statement of facts is not to be treated as evidence, nor as an admission, and the parties are not to be precluded from proving other facts material and pertinent to the case.

The questions of law arising on the foregoing case were reserved and assigned to the Law Term.

*Felton*, for plaintiff.

*Hibbard*, for defendants.

NESMITH, J. The petitioner claims compensation for her land, situate in the town of Benton, in this county, taken by the joint board of selectmen of two towns for the purpose of establishing a public highway over the same. The application is founded upon the 10th section of chapter 53 of the Compiled Laws. This section prescribes "that any person who had no actual notice of the laying out, or altering of any highway, may, within one year after the same shall be opened and made, apply to the court of common pleas for redress, and the court, after no-

tice to the town and others interested, shall award damages and costs, and issue execution therefor, as is therein provided." It is understood, from the case, that the application for redress is seasonably made, if the applicant be otherwise legally entitled to a remedy. The petitioner claims an interest in the land taken, by virtue of an ante-nuptial contract made with her husband Chase Whitcher, some nineteen years since, and the right to hold and enjoy the same to her sole and separate use, free from the control and interference of her said husband, according to the provisions of the 12th section of the 158th chapter of the Compiled Laws. It appears from the case, that the petitioner, before or at the time of her marriage, owned in her own right an undivided three-fourth parts of the land taken, in common with Ira Whitcher who owned the other fourth part of the same tract, and it is admitted that said Ira had full knowledge of the title of the petitioner, and acted as one of the board of selectmen for the town of Benton, when the land was taken for the highway in question. It does not appear that the husband has acquired since his marriage any rights to his wife's lands, other than as occupant, taking the profits or income of the same as his own, or for the family, under the implied consent of his wife. In analogy to the facts of the case, as stated in *Albin* v. *Lord*, 39 N. H. 205, where the husband enjoyed the wife's estate for a series of years, without any evidence of any express contract, the court says : "That when the wife holds the legal estate in a farm to her sole and separate use, and lives upon it with her husband, and he manages and controls it as if he were the absolute owner, receiving the crops, income and profits, it is to be presumed, in the absence of any evidence to the contrary, that he holds and occupies it with her consent, as her tenant under some lease, agreement, or arrangement, verbal or written, by which the crops, rents and profits are to be appropriated by him to the benefit of the family, rather than that he carries it on for her, in the capacity of a servant or hired man." Judge Story states the law springing out of such a marital relation as follows : "That where the husband, with the consent of the wife, is in the habit of receiving the income, rents, profits and dividends of her separate estates, courts of equity are accustomed to regard the transaction itself as showing her voluntary choice so to dispose of it for the use and benefit of the family ; and while they regard him as holding the property, as her tenant, and receiving dividends, or rents and profits, as her trustee, they will not ordinarily require him to account beyond the income of the last year, presuming that everything previous had been adjusted by mutual agreement. 2 Story's Equity, sec. 1396.

The rule in New York, as established at law, is not unlike our own. It is there recently decided that where a husband is permitted by his wife to occupy her land, and receive and dispose of the products, the law will not, in the absence of proof of an express agreement that she should share in the products, or that he should account to her, imply such a contract, but will rather regard her as having made a gift of the use of the land to the husband while such occupation continued. *Van Seekle* v. *Van Seekle*, 8 Howard's Prac. 265 ; *vide* acts of 1848 and '49 of that State.

From these cases, and the statute of 1846 of this State, we derive the inference that, however the product or income of the land may be treated by the husband, the wife is still to be regarded the true owner of the land. The ante-nuptial contract, not being made a part of the case, we may presume, notwithstanding, that at the time of the laying out of the road in question the petitioner was entitled to receive adequate damages for the injury sustained. All, holding an interest in lands, are entitled to notice of the laying out of the highway as well as to receive damages. They are entitled to an opportunity to be heard. *Prichard* v. *Atkinson*, 3 N. H. 335; *Pierce* v. *Somersworth*, 10 N. H. 394; chap. 56, Comp. Laws, sec. 3. The return of the highway signed by the joint board of the selectmen, should show that they have notified and assessed damages to all landholders. *The State* v. *Dover*, 10 N. H. 394.

Under our practice, the notices which issue pursuant to the statute law to landholders, over whose lands a highway is to be laid, should be reasonably certain. A notice addressed to an owner of lands, over which a highway is to be laid out, signed by the chairman of each board of selectmen, and giving the name of the first petitioner, and the termini of the proposed road, and stating that the petition had been placed in their hands for their action, and the name of the towns through or in which the same was proposed to be laid, and also the time and place appointed for the purpose of hearing and deciding upon said petition, and upon the claims of land owners and others interested therein, would seem to be a sufficient compliance with the statute law on this subject. *Tappan's Petition*, 24 N. H. 43. The name of the owner of the land to be taken should be rightfully inserted in the notice. In a petition to assess damages, where the notice was directed to *A. B. and wife*, damages could not also be assessed for injury to land held by A. B. in his own separate right. *Thayer* v. *Worcester*, 10 Cushing 151. Nor is it enough to notify one tenant in common, for one tenant cannot bind the others by any agreement made with him, but all tenants in common must be notified. Notice to one tenant in common can affect his own share only. *Merrill* v. *Berkshire*, 11 Pick. 269. A notice to the husband alone, and an award of damages made to him under the circumstances disclosed, cannot and should not bind the wife. It does not appear that the board making the award took into consideration the whole damages to the land. It may be that the award was for what was supposed to belong to the husband alone. The law does not constitute the husband the agent of the wife in this class of cases. The taking of property for public uses must in all cases, when lawfully taken, be on notice to the true owner. It is competent for the legislature to say what notice shall be sufficient, but the requirements of the statute must be strictly pursued in giving the notice. *Owners of Ground, &c.,* v. *Mayor of Albany*, 15 Wend. 374.

It cannot be urged with propriety here that the petitioner has lost any of her legal rights by not attending at the place of hearing when she was not invited. If she saw the notice directed to her husband, this fact did not require her to make an agent of her husband to act for her in the premises. We are of the opinion that the petitioner is entitled

to receive all her actual damages occasioned by the laying out of this highway, and that she is not *barred* by the previous action of the select-men, or the award of damages made by them.

*Case discharged.*