## BALFE ET AL. *v.* BELL.

CITY.—*Street Improvement.*—Where property has been assessed for a street improvement in a city, for the exact amount for which it is liable under the estimate, the owner cannot resist the payment of the assessment, on the ground of an omission to assess other property for the amount for which it is liable.

APPEAL from the Tippecanoe Common Pleas.

WORDEN, J.—The appellants took a contract from the city of Lafayette for the improvement of a street in that city. An estimate was duly made, and a first assessment ordered and made. The property of the appellee, amongst others, was assessed, and she failing to pay, a precept was issued for the sale of her property, from which she appealed to the court of common pleas, where she filed the following answer:

"Said defendant, for answer to said complaint, says that the estimate and assessment therein made against the property of the plaintiff" [defendant] "in said transcript set forth has not been properly made, in this, that thirty and one-half feet of ground bordering on said improvement and street, belonging to Henry Lammars, was not included in said estimate and assessment, when the same should have been included, by means of which the plaintiff's" [defendant's] "property has been assessed in excess of the amount that the same should have been assessed; wherefore," etc.

VOL. XL.—22

A demurrer, for want of sufficient facts, was filed by the appellants to this answer, but it was overruled, and the appellants excepted. The appellants declining to reply, final judgment was rendered for the defendant. The only question presented by the record relates to the ruling on the demurrer.

It appears, by the transcript of the proceedings before the common council, that an estimate was awarded the appellants of the sum of five thousand nine hundred and sixty-one dollars, for the work then done by them. It also appears that the whole line of the street to be improved, including both sides thereof, measures four thousand and ninety-five feet. The estimate proceeds to state that the cost of the work done is $1.45 $\frac{57}{100}$ per foot. This is correct within a very small fraction. The appellee was assessed for one hundred feet front, one hundred and forty-five dollars and fifty-seven cents. This is just what her assessment should have been, and no more, if the whole four thousand and ninety-five feet had been assessed. If no more was assessed upon the property of the appellee than her proportionate share of the whole, we cannot see how she was in the least injured by the omission to make an assessment upon the lot specified in the answer. It is not claimed in the answer that the length of the street, counting both sides thereof, is greater by the thirty and one-half feet than was estimated. The correctness of the stated length of the street is not disputed. The cost per foot, for the whole line, in order to meet the amount estimated as due the appellants, is correctly stated, and the proper amount is assessed upon the appellee's property. She has no cause of complaint, unless, indeed, she can complain that some one else has not been made to bear his share of the burthen. No burthen has been put upon her that should have been borne by others.

We have verified the correctness of the calculation by which the cost per foot was arrived at, taking the distance to be four thousand and ninety-five feet, and the cost to be five thousand nine hundred and sixty-one dollars. But there is a mistake somewhere in the estimate, supposing the thirty

Balfe *et al. v.* Bell.

and one-half feet to be left out, for the footing of the total amount assessed is made to meet the exact amount required, viz., the five thousand nine hundred and sixty-one dollars. We have, therefore, carefully added the several sums assessed upon the different parcels of property, and find that they amount to only five thousand nine hundred and fifteen dollars and eighty-eight cents. This falls short of making the whole sum required by forty-five dollars and twelve cents. We suppose the engineer, taking it for granted that he had included all the property, and knowing that he had made a correct calculation of the cost per foot, concluded that the sum of the assessments must necessarily meet the estimate, and hence so put it down, without the trouble of adding the several sums assessed together. But be that as it may, the amounts actually assessed upon the different pieces of property fall short of the total estimate by forty-five dollars and twelve cents. Now, at the specified cost per foot, the thirty and one-half feet mentioned in the answer, should be assessed within a fraction of forty-four dollars and forty cents. This will lack a few cents of making up the entire assessment, but it will be near enough for practical purposes. To make the exact amount of the estimate, the omitted lot might have to bear a few cents more than its proportion, but of this the appellee cannot complain.

We are of opinion that the demurrer to the answer should have been sustained. The record shows that the inference which the appellee draws from the fact that the thirty and one-half feet were omitted in the assessment, viz., that her property was assessed for more than it should have been, has no foundation. Her property was assessed for the exact amount for which it was liable under the estimate, and the omission to assess other property for the amount for which it was liable, was a matter in which she had no interest.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

*J. R. Coffroth* and *T. B. Ward,* for appellants.

*W. C. Wilson,* for appellee.