## THE CITY OF FORT WAYNE ET AL. *v.* CODY.

43 197
125 250

43 197
129 42

43 197
131 147

131 596

43 197
158 209

CITY.—*Sewer.*—*Common Council.*—The question of benefits to property in a city from the construction of a sewer having once been passed upon by the common council, no other court or tribunal has any power to review or pass

upon it. The legislature has granted the sole power to try and decide that question to the common council, which acts judicially, and when it has determined by its estimate and assessment what property is benefited, and in what proportion, that decision is final and complete, and there is no power in any judicial tribunal to interfere, unless for fraud and corruption in making the assessment.

From the Allen Common Pleas.

*A. Zollars* and *R. S. Robertson,* for appellants.

*W. G. Colerick* and *H. Colerick,* for appellee.

BUSKIRK, J.—This is an action brought by Maurice Cody, appellee, against the City of Fort Wayne, her treasurer, and John Langohr, assignee of the original contractors for building a brick sewer on Barr street, in said city, which runs past the property of the appellee, to restrain and enjoin the execution and collection of a precept ordered by the common council for the cost of constructing the sewer, as against lots 2 and 584 of the original plat of Fort Wayne, owned by the appellee.

The principal questions raised and presented by the record are two in number, and may be stated as follows:

1st. Can the question of benefits to property from the construction of a sewer, after being ascertained and fixed by the common council of the city, be reviewed by any other tribunal? In other words, when the common council has ordered the construction of the sewer and provided for the payment of the cost thereof by an estimate assessing the same upon property deemed benefited thereby, in such equitable proportion as the council deem just, can any other court or tribunal review the question of benefit?

2d. Can the owner of property along the line of a sewer which is being constructed, who knows it is being constructed, and that the assessment is being made, stand quietly by and let the work proceed to completion, and then ask to enjoin the collection of the assessment? or is he not estopped from asserting that his property is not benefited?

These questions are raised by the demurrer to the com-

plaint, by the motion for a new trial, and by a motion in arrest of judgment by the appellants.

There is no question raised by the appellee as to the validity or regularity. of the proceedings of the common council in making the estimate and assessing the benefits upon the property now claimed not to be. benefited, and the collection of the assessment which is now sought to be enjoined; for, as we understand his complaint, the sole question upon which he relies is the one of benefit, which question he admits has been passed upon by the common council.

The provision of the charter under which the improvement is made is as follows:

"The common council shall have the power to enforce ordinances: * * 43d. To construct and regulate sewers, drains, and cisterns, and provide for the payment of the cost of constructing the same; to cause the same to be done by contracts, given to the best bidder, after advertising to receive proposals therefor; to provide for the estimate of the cost thereof, and the assessment of the same upon the owners of such lots and lands as may be benefited thereby, in such equitable proportion as the common council may deem just, which estimate shall be a lien upon such lots and lands, and may be enforced by sale of the same, in such manner as the common council may provide," etc. 3 Ind. Stat. 88.

The position of counsel for appellant is stated as follows: "The first error assigned by us is, that the court erred in overruling a demurrer to this complaint; and we claim that the question of benefit having once been passed upon by the common council, no other tribunal or court has any power to review or pass upon it; that the legislature has granted the sole power to try and decide that question to the common council, which acts judicially; and when it has determined by its estimate and assessment what property is benefited, and in what proportion, that finding and decision is final and complete, and there is no power in any judicial

tribunal to interfere, unless for fraud and corruption in mak-
ing the assessment, which is not claimed.

"We cite, as fully sustaining the position, the following
authorities:

"*Le Roy* v. *The Mayor, etc.,* 20 Johns. 430; *People* v. *The
City of Brooklyn,* 23 Barb. 166; *Ex parte Mayor, etc., of
Albany,* 23 Wend. 277; *Mooers* v. *Smedley,* 6 Johns. Ch.
28; *Commonwealth* v. *Woods,* 44 Pa. St. 113; *The Mayor, etc.,*
v. *Meserole,* 26 Wend. 132; *Motz* v. *City of Detroit,* 18 Mich.
495; *Owners of Ground, etc.,* v. *Mayor, etc., of Albany,* 15
Wend. 374; *Lyon* v. *City of Brooklyn,* 28 Barb. 609."

We have examined the cases cited and find them in point,
and in our opinion they sustain the position assumed.

In *Ex parte Mayor, etc., of Albany, supra,* where the statute
provided that the assessment should be made upon the prop-
erty benefited in proportion to benefits, the court after
reviewing the previous decisions in a somewhat elaborate
opinion, referring to the making of the assessment of benefits
by the authorities, say, that "the execution of the duty is the
fulfilment of a power so entirely discretionary, that so long
as they are seen to have acted upon persons and a subject-mat-
ter within their jurisdiction, the proceeding is, in its nature,
incapable of correction by certiorari. We have no power
to look into this and like assessments. We cannot interro-
gate the functionaries appointed under the law as to the
operations of their minds. We might otherwise send our
writ to every assessor, every board of road commissioners,
etc., to ascertain whether they have assessed A. or B. more
or less than they should do." 23 Wend. 282.

And, in *The People* v. *The City of Brooklyn, supra,* where the
same question arose upon the same statute, it was held, that
"when it becomes a question of fact whether the proposed
improvement will be advantageous to the property in any
designated direction, the decision of the corporate authori-
ties is conclusive." 23 Barb. 166.

The same ruling is followed in Pennsylvania, in the case
of *Commonwealth* v. *Woods, supra.* There the council had

power to levy and assess the cost of the sewer upon the property benefited, the assessment to be made by commissioners appointed for that purpose, and to be approved by the council. The question as stated by the court was, was the defendant precluded from the defence that the sewer was of no benefit to him, by the levy and assessment, and the approval of the same by the council? And the court say: " We think he was, for such are the express words of the law, and any other construction would open a door to an entire revision of the whole assessment." When the council has approved, the court holds that "the property benefited is fixed and ascertained, and the assessment and tax is complete; and the question of benefit cannot be reviewed by any other tribunal." 44 Pa. St. 117.

In the case of *Motz* v. *City of Detroit, supra,* Judge COOLEY, on page 515, states the question so clearly that we can do no better than quote his language. He says: " The complainants seek to have us review the decision of the council upon the facts, and to set aside their conclusion if in our judgment the evidence fails to support it. If the courts can interfere in this way, it is difficult to perceive at what point they are to stop, or what is to prevent their taking upon themselves the whole administrative power of the municipal governments. But it is plain they have no such authority. So long as the common council keeps within the limits of its jurisdiction, as defined by the constitution and statutes of the state, and its members are guilty of no intentional wrong or corrupt conduct in the discharge of their official duties, the courts have no power to control the exercise of their legal discretion, or to overrule and set aside their judgment; but must accept their conclusions as warranted by the facts, and as binding alike upon the city and upon all its inhabitants.

The legislature has provided for the assessment upon the property benefited in proportion to the whole cost, and the power of determining those benefits must be vested somewhere so that the rate will be uniform. There can be no

review of that question by a jury without danger of over-throwing the whole provision for paying the cost. A man whose property has been assessed may call a jury which will assess it lower, or not at all. The balance of the cost would be thus thrown upon other property, and the several owners of such property would have their assessments reviewed and cut down ; and the result might be that there would be no power to enforce the law and pay for the cost of construction. Every jury called would have a different view of the benefits, and each would act upon the individual case before it. The assessment is an entirety, and no courts or juries should be allowed to act upon it in detail. There is no provision in our statute for any review upon the question of benefits, and we must believe that the legislature intended (and wisely, we believe) that there should be none, in order that those contracting with the city for the construction of costly public improvements, extending, as they sometimes do, to great distances, and nearly always affecting a large number of lots and parcels, shall not have the risk of a costly litigation as to the question of benefits with every individual property holder upon the line or in the vicinity of the improvement.

The common council had before it the whole cost of the sewer, the position of each and every lot and parcel, and its relation to the sewer, with the advantages to be derived from it; while in the case at bar, the jury which is called to review the estimate made by the common council have nothing before them but the individual property of the plaintiff and the question of benefits to it, without regard to the whole cost and general benefits of the sewer.

The assessment made by a jury would not be the assessment provided by law, for that is to be made by the common council as an entirety, and not in parcels, as it must necessarily be if a separate jury is to act independently upon each separate lot to be assessed. Such a practice would open the door to much unnecessary litigation, without any corresponding benefit. If any review of the assessment is

to be permitted, it should only be as an entirety, and not separated to be attacked and beaten in detail, as such a proceeding as this would accomplish.

The question involved here was fully considered and decided by this court in *The Mayor, etc.,* v. *Roberts,* 34 Ind. 471.

We are very clearly of opinion that the appellee was not entitled to the relief sought, and that the court in overruling the demurrer to the complaint committed an error.

This conclusion renders it unnecessary for us to consider and decide the question of estoppel argued by counsel.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the complaint.