## THE NEW YORK AND HARLEM RAILROAD COMPANY, RESPONDENT, *v.* THE BOARD OF TRUSTEES OF THE TOWN OF MORRISANIA, APPELLANT.

*Railroad — cannot be benefited by laying a street across its track — Assessment for, on road-bed, void — Remedy — Demurrer — Cloud upon title — action will lie to prevent, as well as remove — § 59, chap. 277 of 1864.*

A street was laid out across the track of a railroad, and the commissioners of assessments assessed the strip of land used for operating such railroad, for benefit in opening the street, the assessment was confirmed, and such land advertised for sale for non-payment of the assessment. In an action brought by plaintiffs to set aside such assessment as a cloud upon their title, an injunction was granted and the sale stayed. The complaint alleged that the land so assessed was already devoted entirely to public use, and that the road-bed and track of plaintiffs' road is upon said land, as appears from the map made by said commissioners; that said assessment is illegal and void, and that proof outside of the proceedings was necessary to prove its invalidity. On a demurrer thereto, on the ground that the complaint did not state sufficient facts to constitute a cause of action:

*Held,* 1. That property, which cannot be used except for the specific public purpose of a railroad, cannot be benefited by laying a street across it.

2. That, if the alleged illegality in the assessment consisted only in the above objection, it might be doubted whether such objection should not have been taken by appeal or by writ of certiorari; but, as the defendants, by the demurrer, admitted the entire illegality of the assessment, some fatal defect to its validity must be assumed, not disclosed by the pleadings, but which would be evidenced by proof.

3. That this action could be sustained, on the ground that an action will lie as well to prevent, as to remove a cloud upon plaintiff's title.

4. That the defendant had no power to sell the entire road-bed of the plaintiff, nor any lands necessarily used by it for the purposes of its franchise; its general powers being limited by the provisions of section 59, chapter 277 of 1864.

APPEAL from an order, made at Special Term, overruling a demurrer to a complaint.

*Ernest Hall,* for the appellant.

*Close & Robertson,* for the respondents.

BARNARD, J.:

The defendants were incorporated for the purposes of municipal government, under chapter 277, Laws of 1864. Under the powers

granted them by the legislative act, they opened One Hundred and Fifty-sixth street, in the town Morrisania, from Third avenue, to St. Ann avenue. This street was seventy feet wide, and crosses the plaintiff's railroad at right angles or nearly so. Commissioners of estimate and assessment were appointed, as required by the act of incorporation, and they assessed the plaintiff $800 for benefits received, on account of two pieces of land belonging to plaintiffs and marked E and F, on the commissioners' map; one of these pieces is north of the new street, and the other is south of it.

Each piece takes in the entire railroad bed fronting on the new street, and each piece is 100 feet deep. The report of the commissioners was duly confirmed by the County Court. The assessment not having been paid, as required by the act under which the street was opened, the defendants proceeded to sell, and for that purpose advertised lots E and F for sale to the person who would take the shortest lease thereof, for the assessment in question. The plaintiffs thereupon commenced this action to vacate the assessment averring that it is wholly illegal and void, and that proof outside and beyond and in addition to the assessment proceedings was necessary to show such invalidity and nullity. The complaint avers that E and F are parts of the road-bed of plaintiff's railroad and that the same has been used as such for many years, and that the same is devoted forever hereafter to be so used.

The complaint does not aver what constitutes the alleged illegality of the assessment further than this. The complaint asks that the assessment may be amended and that the sale of lots E and F may be restrained by injunction. The defendant demurred to the complaint and the demurrer was overruled at Special Term, and this appeal is brought to review this decision. Property which cannot be used, except for the specific public purpose of a railroad, cannot be benefited by laying a street across it. (*Owners of Lands* v. *The Mayor*, 15 Wend., 374.)

This rule was followed in this court in the case of *The Village of Sing Sing* v. *The Mayor of New York*, where a road was laid out over the Croton aqueduct.

If the alleged illegality consists only of this objection, it may well be doubted whether such objection should not have been taken by appeal or by writ of certiorari. The defendants, however, by

the demurrer, admit the entire illegality of the assessment; and so far as this appeal is concerned we must assume some fatal defect to its validity, not disclosed by the pleadings, but which would be evidenced by proof.

Assessments are liens on the land assessed. (Laws of 1864, chap. 277, § 46.)

The lease given on the sale is made presumptive evidence that the sale and all proceedings prior thereto, from and including the assessment of the land, were regular. (Section 60 same act.) By the same section the purchaser is declared entitled to hold and enjoy the said lands against all persons whatsoever until the end of the term. There is a marked difference in this lease and that described in *Marsh* v. *The City of Brooklyn* (59 N. Y., 280). In that case it was held that the purchaser would be compelled to show the irregularity and nullity of the proceedings in his effort to enforce his claim. That the certificate being made by the charter of the city of Brooklyn "evidence that such sale and other proceedings were regularly made," did not create a presumption as to the validity of the assessment. The decision at Special Term seems, therefore, to lie in accordance with adjudged cases as to a void assessment, which may terminate in a lease like the one called for in defendant's charter.

I think this action may be sustained on other grounds. An action will as well lie to prevent, as to remove a cloud upon plaintiff's title. (*Crook* v. *Andrews*, 40 N. Y., 551.)

The defendant has no power to sell the entire road-bed of the plaintiff, nor any lands, necessarily used by it for the purpose of its franchise. By section 59 of chapter 277, Laws of 1864, all assessments were to be collected in the manner provided by the laws of the State for the collection of taxes by town collectors; and all laws regulating the collection of taxes shall, so far as applicable, and not inconsistent with defendant's charter, apply to the collection of assessments under it.

The general power subsequently given, to sell the lands assessed through defendant's treasurer, gave no power to sell a piece out of a railroad track situate in the town. In the case of a State tax no such power is given, but the comptroller to whom return is made that a railroad company has failed to pay its tax, is required to

notify the attorney-general, who is directed to proceed by petition against the delinquent company, to compel discovery of its property and payment of the tax. (1 R. S., 417, §§ 19, 20, 21.)

The legislature have not authorized the sale of lands constituting the track of a railroad in the several counties in which the same is situate, or in the towns in which it is assessed for real estate. If the assessment were valid, the defendant could not establish this lease, which presumptively proved itself and established an apparent right to occupy and hold the entire track of plaintiff's road in two parcels of 100 feet each.

I think the order should be affirmed, with ten dollars costs besides disbursements.

Present — BARNARD, P. J., and GILBERT, J. DYKMAN, J., not sitting.

Order overruling demurrer affirmed with costs.