SIDNEY H. STUART, APPELLANT, *v.* GEORGE W. PALMER,
AS COLLECTOR OF TAXES OF THE TOWN OF NEW LOTS, AND THE
TOWN OF NEW LOTS, RESPONDENTS.

*Assessment for local improvement — notice to parties affected by — when required.*

Where an act of the legislature requires the expenses of a local improvement to
be assessed upon the property benefited, no notice of the time and place at which
the assessors will meet to hear persons to be affected thereby, nor of the com-
pletion of the assessment, is required to be given, unless required by the terms
of the act itself.

APPEAL from a judgment in favor of the defendant, entered upon
the trial of this action by the court without a jury.

This was an action in equity, to vacate an assessment imposed upon
real estate of the plaintiff, on the ground that the same was a cloud
upon his title thereto.

*James R. Adams*, for the appellant. The assessment and lien
thereof is void and should be vacated and set aside, because it was
made, levied and confirmed without any notice to the plaintiff or
other property holders affected thereby. (Laws of 1870, chap. 619,
§ 3 ; *In the Matter of Ford*, 6 Lans., 92 ; *Ireland* v. *City of Rochester*,
51 Barb., 414 ; *Owners of Ground* v. *Mayor of Albany*, 15 Wend.,
375 ; *Jordan* v. *Hyatt*, 3 Barb., 275 ; *In re Comrs. of Cen. Park*,
51 id., 277 ; *Sharp* v. *Johnson*, 4 Hill, 92 ; *Cruger* v. *Dougherty*, 43
N. Y., 119, 122 ; *People ex rel.* v. *Hurlburt*, 46 id., 110 ; *In re
Flatbush Ave.*, 1 Barb., 286 ; *Hopkins* v. *Mason*, 42 How., 115 ;
*Jackson* v. *Healey*, 20 Johns., 495 ; *Fonda* v. *Canal Comrs.*, 1 Wend.,
288 ; *Rockwell* v. *Nearing*, 35 N. Y., 302 ; *Doubleday* v. *Newton*,
9 How., 71 ; *Sharp* v. *Spier*, 4 Hill, 76 ; *Fitch* v. *Comrs. of High-
ways*, 22 Wend., 132 ; *Taylor* v. *Porter*, 4 Hill, 140.)

*C. J. Lowrey*, for the respondents.

BARNARD, P. J. :
By chapter 217, Laws of 1869, as amended by chapter 619, Laws
of 1870, the legislature directs commissioners to be appointed by

the Supreme Court, whose duty should be to open and lay out Atlantic avenue, in the city of Brooklyn. These commissioners were also to assess the value of the land taken, and to assess the amount of the award and expenses upon the lands and premises benefited. Before making the assessment and awards public notice was required to be published in two or more public newspapers of the county of Kings, at least twenty days before the same were to be made, and of the time and place of meeting to make the same. There is no question made but that this notice was given. The report was made to the Supreme Court and the same was confirmed.

The act required the commissioners:

. " SECTION 4. Upon the confirmation of said report " * * * " the said commissioners shall be authorized to enter upon the lands and premises taken for said street or avenue, and cause the same to be properly regulated, graded, graveled, curbed, guttered, with crosswalks at intersecting streets, in such manner and in such place as shall in their judgment be necessary to make and preserve a suitable public street or avenue, and to assess the expenses of such regulating, grading, graveling, curbing, guttering, and crosswalks upon the lands and premises which, in their judgment, shall be benefited by such improvement, in proportion to the benefit accruing to them by reason thereof, the district of assessment to extend back as provided heretofore in this act. They shall certify such assessment with the names of the parties assessed to the supervisor of the said town, and the amount so assessed shall, together with interest at the rate of seven per cent per annum, from the time of making such assessment until the expiration of the warrant of the collection, be added by the supervisors of the county of Kings to, and make a part of the amount of taxes for the ensuing year upon the lands and premises upon which they are assessed, respectively, and shall be a lien thereupon, and be levied and collected in the same manner as other taxes are required by law to be collected, and when collected to be applied to the payment of the bonds to be issued and provided for in this act."

By the preceding section the district of assessment was made to be three hundred feet on each side from the avenue. The assessment in question was made against the plaintiff under the fourth section and was solely for improving the avenue. The commis-

sioners, in making the assessment upon the strip of land for the improvement of the avenue under the fourth section, gave no notice of the meeting, and gave none whatever of the completion of the assessment, and gave no time for the presentation of grievances by those who were assessed. The question presented is, whether such omission to give notice was fatal to the assessment. The act required no notice of the assessment under this fourth section.

In *Owners of Ground* v. *The Mayor* (15 Wend., 374), it was held that only such notice need be given as was required by the act. The same principle was held in *The People* v. *The Mayor* (4 N. Y., 419). In the case before us no notice was required by the act. The exercise of a taxing power does not depend upon notice. It is an unlimited power. "However absolute the right of an individual may be, it is still in the nature of that right that it must be as a portion of the public burthens, and that portion must be determined by the legislature."

"The only security against the abuse of this power is found in the structure of the government itself. In imposing a tax the government acts upon its constituents. This is in general a sufficient security against erroneous and oppressive taxation. The people of a State, therefore, give to their government a right of taxing themselves and their property, and, as the exigencies of the government cannot be limited, they prescribe no limits to the exercise of this right." (*The People* v. *The Mayor*, 4 N. Y., 419.)

I think the judgment should be affirmed, with costs.

GILBERT, J.:

The complaint in this case was properly dismissed. 1. A suit in equity does not lie against a collector of taxes to set aside the tax. 2. The tax complained of forms a part of the county tax. The original apportionment of the cost of the improvement, and the assessment of the sums apportioned upon the property benefited thereby, was confirmed by this court. No objection to the confirmation of that report appears to have been taken, and, in the absence of proof, in a collateral action of this kind, we are bound to presume that no valid objection to the proceedings existed. 3. No notice of the proceeding to levy a county tax, other than the general provision of the statute requiring the assessors to keep the

assessment rolls open for inspection and review during a specified period when the persons assessed may appear before them and make their objections, is necessary.

If the plaintiff has any remedy for the grievance of which he complains, it is very evident that this is not an appropriate one.

The judgment must be affirmed, with costs.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed, with costs.