In the Matter of the Petition of CYRUS W. SWAN et al., to drain certain Low Lands.

An order of a County Court in proceedings under the Drainage Act (Chap. 888, Laws of 1869, amended by chap. 303, Laws of 1871), as amended in 1881 (Chap. 608, Laws of 1881), determining that a new or second assessment is necessary and directing the same, is final upon matters of fact, but is appealable to the General Term of the Supreme Court, and to this court upon any, question of law arising upon the whole act, or upon any proceeding necessarily affecting such order.

*In re Swan* (33 Hun, 200), reversed.

(Argued November 25, 1884 ; decided December 9, 1884.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made May 30, 1884, which dismissed an appeal from an order of the County Court of Niagara county. (Reported below, 33 Hun, 200.)

The nature of that order is set forth in the opinion.

*John T. Murray* for appellant. The order of the County Court was conclusive upon questions of fact, but appealable on questions of law. (*In re Ryers*, 72 N. Y. 1, 4.)

*A. K. Potter* for respondents. The appellant was not entitled to an appeal to the General Term, and is not entitled to this appeal. (*Matter of Canal and Water Sts.*, 12 N. Y. 406 ; *Matter of Commissioners*, 50 id. 493 ; *Matter of N. Y. C. R. R. Co.*, 11 id. 276.)

DANFORTH, J.   The proceedings in question were instituted to carry into effect the statute relating to drainage, passed May 12, 1869 (Laws of 1869, chap. 888), as amended in 1871 (Laws of 1871, chap. 303) and 1881 (Laws of 1881, chap. 608), and this appeal brings up for review an order of the General Term of the Supreme Court, dismissing an appeal from a determination of the County Court of Niagara county, that a new or second assessment was necessary for the payment of obligations actually incurred by certain commissioners in the discharge of their duties under the acts above cited.   It is objected by the respondents that the order of the County Court was "final and conclusive," and consequently no appeal would lie.   It related to matters specially provided for by the act of 1881 (*supra*), and the words of limitation above quoted are those on the statute.   That act consists, however, of a single section, is merely an amendment of the acts before named, and must be construed as if together they constituted a single act.   Section 12 of the act of 1869 (*supra*) relates to proceedings on the first assessment, in character similar to those authorized by the act of 1881, and declares that the order thereupon made "shall be final," but the same section subsequently provides that "an appeal on questions of law arising under this act   *   *   *   * may be taken to the Supreme Court."

The provisions of this section (§ 12) and the amendment of 1871 were examined in the *Matter of Ryers* (72 N. Y. 1), and the conclusion reached that they were to be construed as making the order final upon matters of fact, but liable to appeal upon any question of law arising upon the whole act, or upon any proceeding necessarily affecting that order.   The same rule applies to the order made under the amendment of 1881 (*supra*), and the case cited shows that an appeal may be taken to this as well as to the Supreme Court.

We think, therefore, that the Supreme Court erred in dismissing the appeal and should have disposed of it upon the merits.   Hence the appeal was well taken and the order should be reversed.

All concur.

Order reversed.