### In re NEW YORK CENTRAL & H. R. R. Co.

### In re DRAINAGE OF LANDS.

(Supreme Court, General Term, Fifth Department.   December 30, 1889.)

DRAINAGE—APPEAL FROM ASSESSMENT.

Under Laws N. Y. 1869, c. 888, § 10, providing that any one feeling himself aggrieved by a drainage assessment may appeal to the county judge from the decision of the commissioners for the correction of the assessment, the judge is bound to review the assessment where appellant adduces convincing evidence that his land was in no wise benefited by the drainage, but had theretofore been drained by appellant at his own expense, and the only showing to the contrary is the report of the commissioners, unaccompanied by any evidence to sustain it.

Appeal from Monroe county court.

This proceeding was instituted for the purpose of draining certain farming lands.   An order was entered dismissing the appeal of the New York Central & Hudson River Railroad Company from the assessment made by the commissioners in the above-entitled proceedings, and from the judgment in favor of said commissioners, and against said company, entered in Monroe county clerk's office on the 20th day of August, 1889.   The order appealed from is as follows: "It is ordered, adjudged, and decreed that the appeal herein be dismissed, and that said commissioners recover from the said appellant the sum of $24.63, their costs and disbursements, of this appeal, as taxed by the clerk of Monroe county, and that they have execution therefor.   This decision is not upon the merits, but because appellant failed to make out such a case as will warrant the court in setting aside the award of the commissioners, which, under *Lyon* v. *City of Brooklyn*, 28 Barb. 609, and *Owners of Ground* v. *Mayor*, etc., 15 Wend. 374, is regarded as a judicial proceeding."

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*Albert H. Harris*, for appellant.   *Roy C. Webster*, for respondents.

MACOMBER, J.   The appellant was assessed the sum of $350 by the commissioners, who were appointed for the purpose of making an assessment of expenses for improving a certain ditch in the town of Gates.   The proceeding was instituted for the purpose of draining certain farming lands under the general drainage act (chapter 888, Laws 1869) and the amendments thereto.   By this act, after providing for making the assessment for the cost of the work, upon persons whom the commissioners shall deem to be directly benefited by the drainage, in proportion to the amount of benefit which each receives therefrom, there is a provision (section 10) that any person feeling himself aggrieved by the assessment may appeal to the county judge from the decision of the commissioners for the correction of such assessment.   The appellant brought the statutory appeal, and adduced before the county judge evidence of many witnesses, for the purpose of showing that the commission-

ers had proceeded upon an erroneous and illegal basis in making their assessments, and had improperly assessed the appellant for work and improvements in which it could have no interest, and from which it could receive no benefits, within the meaning of this statute. The evidence so adduced upon the appeal before the county court, consisting of the testimony of Mr. Hinchey, the agent of the railroad company having in charge the assessment and taxing of the road, of Mr. Gould, its assistant superintendent, and many residents of the town of Gates, having no connection with the railroad company, shows that the primary object of the drainage of the lands in question, which consist of about 1,100 acres of farming lands, was to reclaim such lands, or a portion thereof, from a marshy and swampy condition, so that they might be profitably tilled. It further shows that the railroad company had no interest in that enterprise, and that this company suffered in no respect from the failure to carry off by artificial channels the water there accumulating. The company had, apparently at its own expense, provided suitable and proper drainage for surface water accumulating along the banks of its railroad, and for the discharge of the same. It is further shown by this evidence, so taken upon the appeal to the county court, that the value of the lands, together with those which were partly farming lands and partly land which might be utilized for building purposes upon the extension of the city of Rochester, had been increased, according to some of the witnesses, 100 per cent., and by others, at different rates, varying from 25 to 75 per cent. No evidence was adduced upon the appeal which showed that the appellant was, in any respect, benefited by such drainage. On the contrary, it is shown that the railroad company's lands, consisting of about 11 acres, without any increase of the value or benefits, is assessed at a rate more than twice as large as that of any individual whose lands were thus reclaimed. With no evidence to contradict the testimony of these witnesses, (save that only contained in the statement or findings of the commissioners' return to the county court on appeal, unaccompanied by any evidence to sustain the same,) the learned special county judge has dismissed the appeal, upon the ground that there was nothing in it which would warrant the interposition of the court. The cases to which reference is made in the order (*Lyon* v. *City of Brooklyn,* 28 Barb. 609; *Owners of Ground* v. *Mayor, etc.,* 15 Wend. 374) arose before the passage of the drainage act under which these proceedings were instituted, and clearly have no application. Under the act of 1869, already mentioned, it was the duty of the county court, upon this undisputed evidence, to review the assessment upon the merits. The mere statement or report of the commissioners is insufficient to overcome the strong and uniform testimony of these numerous and credible witnesses. When power is given to the court to review an assessment for drainage, the court is bound to act upon the evidence which is adduced before it, having regard, of course, to the superior advantages, if any, which the commissioners had in a personal inspection of the region to be drained. But where evidence of such cogency as above mentioned is given, and the respondents decline to give any further testimony, it is the duty of the county court to act upon what appears to be the clear preponderance of the evidence. *People* v. *County Court,* 55 N. Y. 604. *In re Swan,* 97 N. Y. 492. Under this evidence before us, the assessment upon the appellant was unjust, as the drainage was without any benefit to it, and consequently it should not have been assessed at all. If, upon another hearing before the county court, testimony is given upon the merits, from which a different conclusion can legitimately be reached, and which may be in accordance with the present arbitrary report of the commissioners, the legal objections presented by the record on this appeal will have been obviated; otherwise the appellant should be absolved from paying any assessment so imposed upon it. The order and judgment should be reversed, with costs of this appeal to the appellant, payable out of the fund, but not against the commissioners personally,

and the case remitted to county court of Monroe county to entertain and determine upon the merits the appeal from the determination of the commissioners.   All concur.