Filed April 26, 1895.

———————◆———————

No. 1,222.

CRAWFORDSVILLE MUSIC HALL ASSOCIATION *v.* CLEMENTS.

MUNICIPAL CORPORATION.—*Sewer.*—*Void Assessment.*—*Assessment not According to Benefits.*—An assessment for a public sewer made under the statute for street improvements, and placing the assessment not according to the benefits received but according to the linealomeasurement of the property fronting on the sewer, is void.

SAME.—*Sewer.*—*When Property-Owner not Estopped.*—*Improvement not Made Under Color of Statute.*—A property-owner has the right to assume that his property will be assessed for improvements at least under color of the statute, and where the remedy sought is not a collateral but a direct proceeding attacking the assessment, there is no estoppel.

From the Montgomery Circuit Court.

*B. T. Ristine* and *H. H. Ristine*, for appellant.

*A. D. Thomas* and *W. T. Whittington*, for appellee.

REINHARD J.—This is an appeal from a precept issued by the city of Crawfordsville in favor of the appellee on an assessment for the construction of a sewer in said city, for which the appellee was the contractor.

In the court below the appellee recovered judgment for the amount assessed against the appellant's property, and a decree of foreclosure of his lien.

From the declaratory resolutions, and the final

estimate of the city civil engineer, as well as from the special findings of the court, it appears that the city council attempted to construct the sewer under the provisions of the law relating to sidewalks, and that the assessments were ordered and levied upon the real estate abutting on the alley along which the sewer was constructed at so much per lineal foot, and were not apportioned among the lands, lots and parts of lots benefited by the improvement, and according to such benefits, as the statute requires. R. S. 1894, section 4288 *et seq.;* Acts 1889, p. 237.

This we think was a mistake which is fatal to the assessment. Such improvements should be paid for by the owners of property specially benefited thereby, and assessments according to the superficial area, and without regard to actual or probable benefits, are unlawful, and can not be enforced. It is doubtful even whether the Legislature could authorize such assessments. *Thomas* v. *Gain,* 35 Mich. 155; *Clapp* v. *Hartford,* 35 Conn. 66.

It is certain that the Legislature of our own State has not authorized such an assessment, but on the contrary has forbidden it by prescribing another mode. We have a statute which provides that local sewers shall be paid for by the abutting property owners, the same as in cases of sidewalks or street improvements. R. S. 1894, section 4273, Acts 1893, p. 332. But this statute was not in force when the sewer in controversy was constructed, nor is it at all clear that the sewer is a local one.

It is insisted, however, that the appellant is estopped to deny the validity of the assessment because it is found by the court that, by its agent, it stood by and allowed the improvements to proceed, and accepted the benefit thereof after it had been informed and knew that the as--

sessments were to be made in the manner in which they were actually made. After careful consideration of this question we have arrived at the conclusion that the appellant is not estopped. The appeal from the precept is not a collateral, but a direct attack upon the proceedings. The appellant, notwithstanding the information it had received from the contractor that the assessments were to be made only on abutting property, and according to the superficial area, had a right to assume that the city officials would do their duty, and levy the assessments as the law required.

Appellee's counsel contend that appellant can not complain because other property should have been assessed also, but was not, and in support of this proposition they cite *Balfe* v. *Bell*, 40 Ind. 337; *Sims* v. *Hines*, 121 Ind. 534.

These cases, however, do not support their contention. They only declare the law to be that the property owner can not complain as to any failure to assess other property, provided his own assessment was accurate and enforceable. This, however, is not true in the case of appellant's property. It is this very act of assessing the appellant's property wrongfully that is here complained of.

It is quite true the common council of the city is to be the exclusive tribunal to determine when and what property is benefited by such improvements, and to what extent, and when such council undertakes to determine this question, its action will not be subject to review by the courts except for fraud or corruption. *City of Fort Wayne* v. *Cody*, 43 Ind. 197.

But when the entire proceedings show that the assessments were made, not with a view to benefits, but solely according to location, such assessments are unlawful and void and will be so declared.

It is also very doubtful whether the proper notice was given by the council so as to give that body jurisdiction. Enough has been said, however, to show that the assessment against appellant's property was void.

Judgment reversed, with directions to the court below to restate its conclusions of law to the effect that appellee is not entitled to any judgment or decree.

Filed Feb. 1, 1895.

### ON PETITION FOR A REHEARING.

REINHARD, J.—It is earnestly insisted by the appellee's learned counsel that this court, in holding that there was no estoppel in the present case, has committed a grave error and ignored numerous precedents of the Supreme Court. In support of this contention the counsel cite, among other cases, that of *Ross* v. *Stackhouse,* 114 Ind. 200.

It is decided in that case that a property owner may estop himself from denying the validity of the assessment in such a case by standing by. But this holding is expressly placed upon the supposition or presumption that the assessment is not totally void.

One of the prerequisites to the validity of the assessment is that the work has been done and the contract let by proceedings under color of the statute; that the work has been done in whole or in part according to the contract, and that "an estimate has been duly made of the work."

These questions, as the case of *Ross* v. *Stackhouse, supra,* decides, are the very issues that are to be tried in a case like this, where the appeal is from the precept. But how can it be claimed that the estimate "has been duly made" when it was not made according to the statute at all, but according to the number of lineal feet front of the property to be assessed? Can it be said that the

Crawfordsville Music Hall Association *v.* Clements.

property owner is estopped because he knew the assessment was to be made by an illegal method, and made no objection thereto but stood by and used the sewer to drain his property? Indeed we know of no way in which the appellant could have known such a thing. If it was informed by the officers of the city, before making the assessment, that this was to be the mode, it was not bound to give credence to any such declaration, for it had the right to assume that the officers would follow the law. If it connected with the sewer after the assessment was made, this would not estop it from insisting that the assessment should be collected only according to the statute by which it is authorized.

Suppose the council had chosen to place the entire assessment upon the appellant's property, when it owned but an insignificant proportion of the property benefited, and it were found that the appellant had stood by without objecting, and had made use of the sewer by draining into it, can it be possible that by such acts, or failure to act, such an estoppel would be created as would preclude the appellant from contesting the validity of such an assessment? If it could estop itself in a case like the present one it could do so in the supposed case. The case cited gives no support or sanction to any such doctrine, but expressly declares that an estoppel can arise only where the proceedings are not so radically defective as to be totally void. An assessment for a public sewer made under the statute for street improvements, and placing the assessment not according to the benefits received, but according to the lineal measurement of the property fronting on the sewer, is void when appealed from. As said by us in our former opinion, the appellant had a right to assume that its property would be assessed, at least under color of the statute, and where the remedy sought is not a collateral, but a direct proceed-

ing attacking the assessment, there is no estoppel. We think the case of *Ross* v. *Stackhouse* is in support of the conclusion we have reached, and gives no support to the appellee's contention.

We have examined the other cases relied upon by appellee's counsel, but do not think they sustain his position. It is true that where the assessment is by color of the statute, and the property owner stood by and received the benefit of the improvement without objection, he can not be heard to object afterwards to mere irregularities in the proceedings, but if the assessment is void there can be no estoppel.

Petition overruled.

