HENRY BREWER & another *vs.* CITY OF SPRINGFIELD & another

This court has not jurisdiction in equity to enjoin a city or its collector against collecting a tax which a complainant alleges has been illegally assessed upon him by the board of assessors.

*It seems*, that under St. 1863, c. 107, authorizing the city of Springfield to construct certain drains, a determination by the city council that two thirds of the expense of constructing a drain should be borne by the real estate within the benefited district, is neither defective for not specifying that it should be borne by the owners of such real estate, nor insufficient for not designating the owners thereof by name; nor does it seem that such an assessment was not equitably and ratably made under the statute, because it was made on the value of the land in the benefited district, exclusive of the buildings thereupon.

*It seems*, that the publication of a notice in a newspaper on Tuesday and Saturday only of each of two successive weeks sufficiently complied with a statutory direction that the same should be published "for two weeks successively," although the newspaper was one issued daily except Sundays.

BILL IN EQUITY praying for an injunction on the city and the city collector of Springfield against proceeding to collect an assessment laid on real estate of the complainants, under St. 1863. *c.* 107. By this statute the city council of Springfield were authorized to construct drains from Garden Brook to Connecticut River, and, after the completion of any such drain, to determine with the assistance of a competent engineer, the extent of territory benefited thereby, and what portion of the expense should be borne by the city, and what by the "owners of real estate;" and it was required that a notice of such determination should be published "for two weeks successively" in the newspaper having the largest circulation in Springfield, and provision was made for remedies, by a new determination, for any person aggrieved by the determination made, to be available if applied for within two months after such publication; and it was provided that after two months from the final determination, that portion of the expense to be borne by the real estate owners should be "equitably and ratably assessed upon such owners" by the board of assessors, and be collected by the city collector, and be a lien on their benefited real estate. The bill set forth that under this statute the city council caused a drain to be constructed; and on August 21, 1865, determined the district o.

benefited territory, and that two thirds of the expense should be borne by the real estate within that district, and one third by the city, and caused to be published in the Daily Republican, a newspaper having the largest circulation in Springfield, a notice of such determination, attested by the city clerk, which publication was made on Tuesday, September 26, Saturday, September 30, Tuesday, October 3, and Saturday, October 7, and in no other issues of the paper, and afterwards the board of assessors assessed on the owners of real estate within the determined district two thirds of the expense of the drain, and committed the assessment to the city collector for collection ; and that the complainants owned a lot of land wholly covered by brick buildings, within the determined district on which the assessment had been laid ; and the bill further alleged that the complainants never saw the published notice, nor knew of the determination made by the city council, until they were called on by the collector to pay the assessment, and that the collector had served them with a notice thereof, and intends to enforce payment, but that the assessment was illegal for the reasons : 1. that the determination by the city council of the extent of benefited territory, and the proportions of expense to be borne by the city and the owners of real estate was uncertain and insufficient ; 2. that although the Daily Republican was a newspaper issued on every day of the week except Sunday, and the statute provided that the notice should be published for two weeks successively, yet it was published only on the four days mentioned ; 3. that the assessors did not assess " ratably and equitably " as required by the statute, having regard to the benefit of such drain to the real estate owners respectively, but adopted as their only rule and basis of assessment in all cases the value of the land assessed, exclusive of the buildings on it.

The respondents filed a general demurrer, and the case was reserved for determination by the full court.

*G. Wells* (*N. A. Leonard* with him), for the respondents. The basis of assessment adopted was neither inequitable nor disproportionate. *Springfield* v. *Gay,* 12 Allen, 612. Whether or not the complainants' land was benefited was to be determined by

the city council, and, by the terms of the statute, is not subject to revision except in the manner therein provided. The notice was published as required by the statute. *Bachelor* v. *Bachelor* 1 Mass. 256.

*H. Morris,* for the complainants. The St. 1863, *c.* 107, is in derogation of the common law, and to be strictly construed. The determination by the city council was insufficient, in not designating by name the owners of real estate, who should bear the expense of the drain, and was defective, in not determining that two thirds of the expense should be borne by the owners of real estate. It was equally consistent with the determination as made, that it should be borne by the occupants. Gen. Sts. *c.* 11, § 8. The publication of the notice of the determination was insufficient. Publishing "*for* two weeks successively" means in every issue of the paper during two weeks. *Early* v. *Doe,* 6 How. 610. *Anonymous,* 1 Wend. 90. There is no analogy between this case and that of probate notices. Those are usually expected and sought for by the parties to be affected. The circumstances are known to the relatives of the deceased. This court has jurisdiction, for the complainants have not a plain, adequate and complete remedy at law. Gen. Sts. *c.* 113, § 2.

BIGELOW, C. J. We cannot take cognizance in equity of the case stated in the bill. Until the plaintiffs have been compelled to pay the tax which they allege to have been illegally assessed upon them, they have suffered no wrong; when they have paid it, they can recover it back by an action at law, which would furnish them an adequate and complete remedy. We can see no ground on which a single taxpayer who has been illegally assessed can ask for the interference of a court of equity. Certainly none is stated in the bill, nor has the counsel for the plaintiffs suggested any.

In determining the case on this ground, we do not mean it to be understood that we doubt the legality of the assessment set forth in the bill. For aught that we can see, it was in all respects regular and in conformity to law. *Springfield* v. *Gay* 12 Allen, 612.                              *Bill dismissed.*