# APRIL TERM, 1876.

## (CONTINUED FROM VOL. XXXIII.)

---

## Aaron Hagenbuch v. Aaron Howard and another.

*Equity jurisprudence: Taxes: Injunction: Remedy at law.* Equity will not interfere by injunction to restrain the collection of a tax, where the complainant has an adequate remedy at law.

*Taxes: Injunction bill: Allegation of fraud: Remedy at law.* A charge in the bill, that the supervisor acted fraudulently in making and in afterwards refusing to correct his assessment, will not confer jurisdiction in equity, where it does not further appear that adequate relief is not practicable in a court of law.

*Taxes: Levy on personal property: Remedy at law.* Where personal property sufficient in amount has been levied upon to satisfy a tax on bank stock which is claimed to be illegal and void, the remedy at law is adequate; an action of trover for the value of the property seized would raise the question, or complainant might pay the amount of the tax under protest, and afterwards test the validity of the tax in an action to recover back the amount paid.

*Heard April 6.   Decided April 18.*

Appeal in Chancery from St. Joseph Circuit.

This was a bill to restrain the collection of a tax upon shares of bank stock which the complainant alleges did not belong to him, but which the supervisor assessed to him notwithstanding notice of its transfer to his sons.   The bill avers that a sufficient quantity of wheat belonging to complainant to satisfy the tax had been seized by the township treasurer, and it prays an injunction against further proceedings to collect the tax or enforce the levy.   A demurrer was interposed to the bill and sustained, and the bill dismissed.   The complainant appealed.

*H. H. Riley,* for complainant.

This court has held, from *Williams v. Mayor, etc., of Detroit, 2 Mich., 560,* down to *Youngblood v. Sexton, 32 Mich., 406,* that "chancery will not assume jurisdiction to restrain by injunction the collection of an assessment, under a warrant against, and levy upon the goods and chattels of the complainant, but will leave the person to his remedy at law."

This, we apprehend, however, is where an *illegality* or *irregularity* is charged upon some officer in making up the roll, or in collecting the taxes.

But this court has not held that where the officer who makes the assessment is charged with *fraud,* it will not interfere. But on the contrary, *hints* the reverse in *Motz v. Detroit,* on page 515 of the opinion, where it says: "It is not charged that any mistake or *fraud* has intervened;" and on page 516, "so long as its members [common council] are guilty of no *intentional wrong* or *corrupt conduct* in the discharge of their duties, the courts have no control," etc., etc.    And this court not only *hints,* but *decides,* it seems to me, the whole question in *Merrill v. Humphrey, 24 Mich., 170.*  See also *Tong v. Marvin, 15 Mich., 60.*

The complainant in that case averred "that the supervisors of the several townships in which his lands were situated fraudulently assessed the same above their value, and relatively very much beyond the assessment of other property, for the purpose of relieving resident tax payers from their proportion of taxes."

On demurrer, the court held that it had jurisdiction (although for *other reasons* it dismissed the bill without prejudice), and said "the supervisors have not brought their judgment to bear upon the question of value, but have set aside and disregarded their duty, for the express purpose of perpetuating a *wrong* upon an individual."    And it was because the court had jurisdiction in cases of fraud, that the court dismissed the bill *without prejudice.*

Lord Hardwicke said, in *Chesterfield v. Janssen, 2 Vesey, 155,* "that a court of equity has an undoubted jurisdic-

tion to relieve against every species of fraud."—*1 Story's Eq. Ju., 190.*

*John B. Shipman*, for defendants, cited: *Williams v. Mayor, etc., 2 Mich., 560, 581–4; Henry v. Gregory, 29 Mich., 68; Youngblood v. Sexton, 32 Mich., 406; Teft v. Stewart, 31 Mich., 367.*

MARSTON, J:

We are of opinion that the demurrer was well taken. The property was separately and specifically described upon the assessment roll. The complainant had done every thing he was required by law to do to prevent the assessment being made, and the treasurer had, in order to collect the tax, made a levy upon personal property sufficient in value to satisfy the amount. The complainant had therefore a plain adequate remedy at law. Upon such a trial no difficulty would be experienced in proving the erroneous assessment, and that it was not a mere error in judgment as to the value of property actually owned by complainant. In an action of trover for the value of the wheat seized, the validity of this tax could have been tested, or the complainant might have paid the amount of such tax under protest, and afterwards have tested the validity of the tax in an action to recover back the amount paid.—*Smith v. First National Bank, 17 Mich., 479; First National Bank v. Watkins, 21 Mich., 489.*

It has been repeatedly held in this state, that equity will not assume jurisdiction to restrain by injunction the collection of a tax under such circumstances.

It is said that the bill charges that the supervisor acted fraudulently in making and in afterwards refusing to correct his assessment, and that under this charge the court has jurisdiction.

The charge of fraud, however, is not sufficient. It should further appear that adequate relief was not practicable in a

court of law: such is not this case.—*Teft v. Stewart, 31 Mich., 371.*

Complainant having therefore an adequate remedy at law, the decree of the court below dismissing the bill must be affirmed, with costs.

. The other Justices concurred.