Cooley, Ch. J.:
The principal question in this cause is, whether it is competent to provide by law that sewer taxes in a city shall be assessed upon the lots and lands benefited in proportion to their superficial area. A subordinate question is, whether, conceding such an assessment to be legal, it can be lawfully made without giving the parties concerned an opportunity to be heard.
The assessment in question was laid under .act No. 241 of 1875. — Local Acts 1875, p. 8. The second section of that act provides that before the assessment shall be made, the common council shall, by resolution, declare what lands, lots, and premises are and have been benefited by the construction of the sewers respectively, and such lots, lands, and premises are then to constitute the assessment district for the purpose of assessing the cost and expense of such sewers respectively. By the fourth section it is provided that the assessment shall be .made on the lots, lands, and premises within the district “in proportion to the number of superficial feet therein.” It is further provided that the assessment roll, when completed, shall remain on file with the city clerk for' at least two weeks, *153 at the end of which timo “the same shall be a valid lien and assessment upon and against the several lots and descriptions of land.” No hearing on the assessment is provided for.
The principal objection made to the assessment is, that it is not apportioned among the parties benefited upon any principle recognized in the law; that it is made on a basis purely arbitrary, and consequently cannot be justified as an exercise of the taxing power. It is not claimed that an assessment by benefits would be inadmissible, but it is insisted that an assessment by the area of lots, irrespective of proportionate benefits, is nothing but a levy of arbitrary exactions, and therefore unconstitutional.
*The proper method of levying assessments for sewers has not been much discussed by the courts. In England they have generally been laid in proportion to benefits received, estimated according to the yearly value of the lands within the district. — Rooke's Case, 5 Rep., 100; Masters v. Scroggs, 3 M. & S., 447; Netherton v. Ward, 3 B. & Ald., 21; Stafford v. Hamston, 2 B. & B., 691; Soady v. Wilson, 3 Ad. & El., 248; Metropolitan Board of Works v. Vauxhall Bridge Co., 7 EL & Bl., 964. In this country, assessments for sewers, and also for drains, have generally been levied upon an estimate of special benefits. — Reeves v. Treasurer of Wood Co., 8 Ohio N. S., 333 ; Sessions v. Crunkilton, 20 Ohio N. S., 349; Draining Co. Case, 11 La. An., 338; O’Reiley v. Kankakee Braining Co., 32 Ind., 169; Wright v. Boston, 9 Cush., 233: Springfield v. Gay, 12 Allen, 612; Brewer v. Springfield, 97 Mass., 152; Cone v. Hartford, 28 Conn., 363; Commonwealth v. Woods, 44 Penn. St., 113., It was decided in Connecticut, that an arbitrary assessment by the frontage of lots was unreasonable and invalid.— Clapp v. Hartford, 35 Conn., 66; but in Pennsylvania, assessments which charged upon lots a portion of the costs of sewers, not to exceed a certain maximum per foot front, have been sustained. — Lipps v. Philadelphia, 38 Penn. St., 503; Philadelphia v. Tryon, 35 Penn. St., 401.
The assessment of sewer taxes by the superficial area is quite unusual. In the southwest, levee taxes are sometimes assessed *154 in that proportion, and the right to make such assessments has been sustained. — Daily v. Swop, 41 Miss., 361; Alcorn v. Hamer, 38 Miss., 652; Williams v. Cammack, 21 Miss., 209; Smith v. Aberdeen, 25 Miss., 458; McGehee v. Mathis, 21 Ark., 40; Wallace v. Shelton, 14 La. An., 498. In the latter case it is intimated that while no basis of assessment which could be fixed upon would be absolutely just, yet as it costs as much to protect one acre of land from overflow as it does to protect another, the apportionment by the area is not presumptively unjust. A *like decision has been made in Missouri; the court’s attention being directed apparently only to the question whether the assessment was such taxation as under the constitution was required to be apportioned according to the value of property.- — Egyptian Levee Co. v. Hardin, 21 Mo., 491. This decision was afterwards applied to an assessment for sewers, the court apparently being of opinion that there was no difference in principle between the cases, and discussing the subject with a bare reference to previous decisions. — St. Louis v. Octers, 36 Mo., 456.
It is quite evident to our minds, however, that when it has been determined that a case is one in which a special assessment may be laid, we have not got over all the difficulties that present themselves here. That is only a preliminary question, and involves only a single consideration, namely: whether the particular burden which it is proposed to levy is or is not a tax in the meaning of that term as it is employed in the constitution in making provision that taxes shall be laid by the value of property. If it is a tax in the ordinary sense, it must be assessed by value; if it is not a tax in that sense, it must be apportioned on some other basis. But it does not follow that it may be apportioned on any basis whatsoever which the legislature may see fit to prescribe.
It has been decided in this state that an assessment of paving and similar taxes may constitutionally be made in proportion to the frontage of lots along the improvement.— Williams v. Detroit, 2 Mich., 560; Motz v. Detroit, 18 Mich., 495; Hoyt v. East Saginaw, 19 Mich., 39. The idea that underlies statutes for this purpose is, that the benefit to the abutting lots *155 is generally in proportion to the length of their respective fronts, and that as a rule this principle of apportionment is more just than any other. There is a basis of truth to this idea, and it is so'generally accepted that assessments for street improvements are perhaps now more generally apportioned by the frontage than by any other standard. In Warren v. Grand Haven, *30 Mich., 24, it was held that the court could, not say, as matter of law, that an assessment for a sewer, estimated by the foot front of abutting lots, was not laid in proportion to actual or probable benefits. In Brewer v. Springfield, 97 Mass., 152, an assessment of benefits by the value of the lands, exclusive of buildings, was sustained. In several cases it has been decided that ip assessing benefits the future probable advantages may be considered, as may also be the incidental benefits, equally with those which the land receives directly. See Soady v. Wilson, 3 Ad. & El., 248; Hammersmith Bridge Co. v. Overseers of Hammersmith, L. R., 6 Q. B., 230.
But it is generally agreed that an assessment levied without regard to actual or probable benefits is unlawful, as constituting an attempt to appropriate private property to public uses. This idea is strongly stated in Tide- Water Co. v. Coster, 18 N. J. Eq., 519, which has often been cited with approval in other cases. It is admitted that the legislature may prescribe the rule for the apportionment of benefits, but it is not conceded that its power in this regard is unlimited. The rule must at least be one which it is legally possible may be just and equal as between the parties assessed; if it is not conceivable that the rule prescribed is one which will apportion the burden justly, or with such proximate justice as is usually attainable in tax cases, it must fall to the ground, like any other merely arbitrary action which is supported by no principle.
The only discretion which the act in question allows to the common council as an assessing board is in determining what lots and lands are benefited by the improvement. When that determination is made, the rule of apportionment is fixed, and it must be made according to the area. It is not required that the lands shall lie contiguous to each other, or that the bene *156 fits to be- taken, into the account shall be only the direct benefits to the land. We find nothing in the act to preclude the taxation of lots remote from the sewer if their market value, actual or speculative, *is increased by means of it. While this increase of value might be a reason for general taxation for sewer purposes, it is manifest that it could not possibly warrant an apportionment by superficial area, since that, under no circumstances, could be just unless limited to lands directly and peculiarly benefited. But this act makes no provision by which parties assessed may of right drain into the sewer, so as to be enabled to reap the benefits they ought to derive from the expenditure. It makes no distinction between property actually occupied, or capable of being occupied for city purposes, and that of an agricultural nature, of which there must be some within the city limits, upon which such a burden would fall with great severity and injustice. Nor does it confine the assessment to lands upon the street in which the sewer is laid; and in the assessment before us lots on a parallel street are assessed. These lots, it is to be assumed, will be assessed again if a sewer is constructed in the street on which they front, and there is nothing in the act or in the nature of things to prevent a lot being assessed several times in different districts, as often as a sewer is constructed which, in the opinion of the common council, is productive of benefit to the neighborhood. This might not be unjust if each assessment was laid upon an estimate of actual benefits; but when it is levied by an arbitrary standard which requires the burden to be laid upon lands far from the sewer .and only slightly benefited, equally with those fronting upon' it and greatly benefited, it is manifest that it must not only woi’k injustice, but that in some cases it may amount to actual confiscation. It is not, therefore, legally possible that such an apportionment of the cost of sewers can be just or equal, or in proportion to benefits, and when injustice must result from its adoption, we have no alternative but to reject the assessment as an unlawful exaction. It is an assessment made in entire disregard of the principle upon which special assessments can alone be sustained; the principle, namely, that “those who *157 enjoy the benefits shall equally bear the burden.”— Shaw, C. J., in * Wright v. Boston, 9 Cush., 233, 241. See Matter of Washington Avenue, 69 Penn. St., 360; Patterson v. Society, etc., 24 N. J., 385.
In what has here been said, it is not intended to decide, or to intimate, that a sewer tax may not, under some circumstances, be lawful though apportioned by the area of the lots assessed. If under the law providing therefor the assessment were confined exclusively to lots lying contiguous to each other, and on or near the street in which the sewer was to be' constructed, and all properly urban lots, or, as they are sometimes designated, in-lots, as distinguished from the outer lands of the town, which receive only slight and indirect benefit from such improvements, and if the law also provided for private drains "into the sewer as matter of right on the part of the-proprietors of the lots assessed, the case would be so different from the one now before us that much of what we have said could have no application. We confine our discussion strictly to the record before us, and to the act under which this assessment is laid, not caring to enter upon any discussion of hypothetical eases which may never arise, or which, if they do arise, can better be considered when their special features are presented for consideration.
The principle of the statute being thus found to be unsound, it does not become necessary to consider details. But as new legislation will probably be procured, it seems proper to declare in this case that parties whose property is to be taken under summary tax proceedings are entitled as of ight to be heard at some stage of the proceedings before the tax shall become an established charge against them or their property. It was said by Agnew, J., in Philadelphia v. Miller, 49 Penn. St., 440, 448, that “notice, or at least the means of knowledge, is an essential element of every just proceeding which affects rights of persons or property.” The principle was recognized by this court in Butler v. Supervisors of Saginaw, 26 Mich., 22. In England, until appeals were given from sewer assessments, it *was held that the party taxed might sue the officer in trespass or replevin for a levy on his *158 property, and in that suit might defeat the assessment if he could show that he was not benefited as the commissioners had adjudged. — See Dore v. Gray, 2 T. R., 358; Masters v. Scroggs, 3 M. & S., 447; Netherton v. Ward, 3 B. & Ald., 21; Stafford v. Hamston, 2 B. & B., 691; Soady v. Wilson, 3 Ad. & E., 247; Emmerson v. Saltmarshe, 7 Ad. & El., 266; Metropolitan Board of Works v. Vauxhall Bridge Co., 7 El. & Bl., 964. In this country we do not allow the justice of an assessment to be inquired into in a suit to charge the officers with a personal liability; but it follows legitimately from this that parties taxed must have an opportunity to be heard regularly at some stage in the proceedings. Their rights are not to be concluded by proceedings which are wholly ex parte.
We have deferred to the last a question raised-by the defendant which goes to the jurisdiction of the court. We have decided in several cases that equity has no jurisdiction to restrain the collection of a tax from goods and chattels.— Youngblood v. Sexton, 32 Mich., 406; Hagenbuch v. Howard, 34 Mich., 1; Mears v. Howarth, Ib., 19. The bill in this case complains that the city marshal is about to proceed in the collection of the assessment from the personal property of the complainants; and had it been demurred to, the objection would have been fatal. But this case differs from Youngblood v. Sexton, in that the tax is one levied upon real estate, and which by the statute is made a lien. The case is consequently a proper one for a bill to remove a cloud from the title. But to such a bill ■che city should have been made a party, as the cloud would not be removed by merely enjoining the action of the marshal on his tax warrant. It was held in the similar ease of Palmer v. B,ich, 12 Mich., 414, that where the objection to want of parties was not seasonably made, it might be obviated by amendment made at the hearing; and with a view to putting an end to expensive litigation, we are disposed to allow that course to be taken here. The case will be ordered remanded, with leave to the complainant to amend by adding the city as a formal party, and with directions to enter final decree for complainants when the amend *159 menfc is made. But under the circumstances no costs will be awarded to either party.
The other justices concurred.