## ROBERT DOOL v. THE VILLAGE OF CASSOPOLIS.

*Taxation—Notice of Review of Assessment roll.*

An ordinance of Cassopolis imposing a tax on saloon keepers required the assessor to give notice of a review and correction of the assessment roll, which must take place before the collection of the tax. The special assessment roll for the saloon tax was distinct from the general assessment roll of the village, and notice of review was given only for the latter. *Held* that the want of notice invalidated the saloon tax.

Error to Cass. Submitted Jan. 13–14. Decided Jan. 23.

Assumpsit. Plaintiff brings error.

*Howell & Carr* for plaintiff in error. Every notice required by a taxing law must be given, Cooley on Taxation, 216-9; *Powers' Appeal*, 29 Mich., 504; *Merritt v. Village of Portchester*, 71 N. Y., 309.

*L. H. Glover* for defendant in error.

Cooley, J. This suit is brought to recover from the village a sum of money paid by the plaintiff under protest, for a tax levied on him in respect to his business as a saloon keeper, which was carried on by him in the village for 1877 and for a time in the early part of the year 1878. The tax was levied under a village ordinance, and it is claimed that it was illegal and unjust for many reasons. Some of these reasons have no legal force whatever, though they might very justly have some influence with

the village board in determining whether the ordinance should be permitted to stand as it is. There is one objection, however, which is fatal.

The special tax under the ordinance was to be assessed by the assessor of the village, and immediately on his completion of the assessment roll he was required by the ordinance to "give ten days' notice by publishing or posting, that on a certain day and at a certain place in said village therein named he will review said assessment roll, and that any person or persons deeming themselves aggrieved by such assessment may be heard." The ordinance further provides that "the assessor at the time and place mentioned in said notice shall receive the complaints of any persons interested therein and if it shall appear that any such person or persons have been wrongfully assessed, the assessor shall then and there alter such assessment roll as to him shall appear proper;" and it is only after he has thus revised and completed the roll, that process can issue for the collection of the tax.

It is seen that the notice has a very important office to perform, and that in the absence of notice the party assessed has no opportunity to appear and be heard. The notice in this case was never given. There was a notice given by the assessor for the review of the general village tax roll for each year; but the roll for the saloon tax was separate and distinct, and the notice which was given had no reference to it whatever. The defect was fatal. *Thomas v. Gain,* 35 Mich., 155.

The judgment must be reversed with costs.

The other Justices concurred.