PETITION OF STEPHEN HARRIS, Administrator, *et al.*, for an Opinion of the Court.

The sale of a decedent's realty to pay his debts was advertised by the administrator in a newspaper issued daily, the advertisement being inserted twice a week during two weeks, and in each issue during the two following weeks preceding the time of sale.

*Held*, that the notice given complied with the provisions of Pub. Stat. R. I. cap. 179, § 16, which required notice " in some public newspaper for four successive weeks."

The day before that appointed for the sale notice of a postponement for a week at the same hour and place was added to the notice of the sale, and the notice of sale and postponement appeared in each issue of the paper up to and including the day of sale.

*Held*, that the notice of the postponement was sufficient under Pub. Stat. R. I. cap. 179, § 17, which required notice of " such adjournment in the same manner in which notice of the sale was given, as soon as may be after such adjournment and up to the day of the adjourned sale, unless the adjournment shall be from day to day only, and then by making public proclamation thereof at the time and place of the sale and by setting up a notice thereof at such place."

CASE STATED for the opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

Stephen Harris, administrator with will annexed of the estate of Caleb F. Harris, after obtaining permission from the Probate Court to sell the realty of the estate for the payment of debts, had the same sold at public auction. The purchaser, Stephen H. Arnold, refused to accept the administrator's deed, alleging that the advertisement of the sale had not been such as was required by statute. The will of Caleb F. Harris made his wife sole devisee. She died before his death and left no issue.

On the purchaser's refusal the administrator, the heirs at law of Caleb F. Harris, and the purchaser Arnold, joined in presenting this case to the court.

The Public Statutes of Rhode Island, cap. 179, §§ 16, 17, provide :

SECT. 16. Before making any such sale at auction, the executor, administrator, or guardian shall give thirty days' public notice thereof, by posting up at least three notifications of such sale in three public places in the town where the real estate or other property to be sold lies, and at least one in each of the adjoining towns and in the town where the ward dwells, or where the testator or intestate last dwelt, or shall publish the same in some public newspaper for four successive weeks, or shall give notice

thereof in such other manner, instead of or in addition to the above, as the court may direct.

SECT. 17. The executor, administrator, or guardian may, in his discretion, adjourn any such sale to any future day whenever he may deem the same advisable, giving notice of such adjournment in the same manner in which notice of the sale was given, as soon as may be after such adjournment and up to the day of the adjourned sale, unless the adjournment shall be from day to day only, and then by making public proclamation thereof at the time and place of the sale, and by setting up a notice thereof at such place.

And in cap. 180, § 4 :

SECT. 4. In all cases not specially provided for, in which notice is required, it may be given in either of the following modes, at the discretion of the court, *i. e.* the Court of Probate :

1. By causing a citation to be served by some sheriff, deputy sheriff, town sergeant, or constable upon all known parties interested, at least seven days previous to proceeding, which citation shall give notice of the subject matter of the proceeding and of the time and place thereof, and shall be served by reading the same to the parties, if to be found, or by leaving an attested copy thereof at the last and usual place of abode of each of them.

2. By advertisement of such notice for fourteen days, once a week at least, in some newspaper published in the State.

3. By causing the clerk of the court to post up such notice in some conspicuous place in his office, or in the place at which the court usually meets, and in three other public places within the town, at least fourteen days before proceeding.

*February* 3, 1885. DURFEE, C. J. The first question is whether the notice given was notice "in some public newspaper for four successive weeks," within the meaning of the Pub. Stat.R. I. cap. 179, § 16. The notice was published twice a week during the first two weeks, and during the last two weeks in every issue. The contention is that the newspaper being a daily, the notice ought to have been published in every issue during the entire four weeks. The statute would be open to that implication if it required the notice to be published in some daily newspaper, but since it does not require it, we do not think the implication is necessary. The

statute was made to be executed by plain men who would be likely to understand it according to its plain and obvious meaning, and we think therefore that the court ought to interpret it, as far as possible, in the same manner. It is conceded that a notice published in "a weekly," for four successive weeks, would be good, and if so we can see no reason why a notice published weekly in "a daily," for four successive weeks, the daily being a proper vehicle of notice, would not also be good. It is urged that the notice ought to be continuous, and that a person reading the notice in his daily paper one day, and missing it another, might suppose that the sale had been abandoned. The notice is continuous from week to week, which is all that the statute requires, and it is so common for notices in a daily paper to appear at intervals that we do not think the rest of the argument is of much weight. In Pub. Stat. R. I. cap. 180, § 4, it is provided, in regard to certain important probate notices, that they may be by advertisement for " fourteen days, once a week at least, in some newspaper published in the State." It is urged that there would be a literal compliance with the statute by a publication of the notice every week, for four succesive weeks, in a different newspaper, which could not be permitted, and that therefore a literal compliance is not enough. It seems to us that this is introducing a subtlety of interpretation which is unwarranted, for the language is not, " some newspapers," but " some newspaper," which men of plain minds would not construe to mean four different newspapers. We do not mean to say, however, that a literal compliance with the statute is all that is necessary ; for the statute might be literally complied with in bad faith, with the intention of violating the spirit while observing the letter ; as for example, if the notice of a sale in the city of Providence were published in some village newspaper in a remote part of the State. We are far from wishing to encourage any remissness in the giving of notices ; on the contrary, we think it would be well if courts of probate would, more frequently than they do, direct the form of notice with a view to insure its sufficiency, and that executors or administrators would more frequently obtain the direction of the courts for their own guidance. But here there is no suggestion of bad faith or of any lack of publicity, but the only question is whether the notice given was

a compliance with the statute. We think it was. *Johnson* v. *Dorsey*, 7 Gill, 269; *Bowen* v. *Argall*, 24 Wend. 496; *Brewer* v. *City of Springfield*, 97 Mass. 152.

We are also of the opinion that the notice of the adjournment was sufficient under cap. 179, § 17. The objection is that the adjournment was not made by proclamation or posting at the place and time appointed for the sale. The statute does not direct any form of adjournment, unless the adjournment is from day to day. When the adjournment is for a longer period, the statute requires that the notice thereof shall be given as the notice of the sale was given, " as soon as may be after the adjournment and up to the day of the adjourned sale." Here the adjournment was made and the notice given in the manner following, to wit: On November 12, 1884, the day before the day appointed for the sale, notice that the sale was postponed until November 20, 1884, at the same hour and place, was added to the former notice of sale, and in that form the notices of the sale and of the adjournment thereof were published on and from November 12, 1884, in every issue of the paper, until and including the issue of November 20, 1884. It is admitted that sales of real estate, particularly mortgage sales, have been quite commonly adjourned in this manner. We think such an adjournment is sufficient, though doubtless it may be wise often to supplement it by posting a proclamation.

*Order accordingly.*

*Samuel Ames*, for the administrator and heirs of Caleb F. Harris.

*James Tillinghast*, for Stephen H. Arnold.

NOTE. — See *Thurston* v. *Miller*, 10 R. I. 358; *Barrows* v. *National Rubber Co.* 12 R. I. 173.