Garvin *v.* Daussman *et al.*

440; 2 Taylor Ev., section 1278, p. 1229; *White* v. *Bailey*, 10 Mich. 155; *Fairchild* v. *Bascomb;* 35 Vt. 398.

Judgment reversed.

Filed May 8, 1888.

| | |
|---|---|
| 114 | 429 |
| 115 | 492 |
| 117 | 3 |
| 118 | 263 |

| | |
|---|---|
| 114 | 429 |
| 125 | 409 |
| 125 | 463 |

| | |
|---|---|
| 114 | 429 |
| 130 | 582 |

| | |
|---|---|
| 114 | 429 |
| 141 | 697 |
| 143 | 89 |

| | |
|---|---|
| 114 | 429 |
| 154 | 202 |
| 154 | 486 |
| 154 | 504 |
| 154 | 506 |
| 154 | 508 |
| 154 | 511 |
| 154 | 515 |
| 154 | 530 |
| 154 | 531 |
| 154 | 536 |
| 155 | 233 |
| 155 | 241 |

| | |
|---|---|
| 114 | 429 |
| 158 | 209 |

| | |
|---|---|
| 114 | 429 |
| 163 | 606 |

| | |
|---|---|
| 114 | 429 |
| 170 | 608 |

## No. 13,232.

## GARVIN *v.* DAUSSMAN ET AL.

MUNICIPAL CORPORATIONS.— *Street Improvements.*— *Assessments.*— *Notice.*— *Constitutional Law.*—*"Due Process of Law."*—A law which authorizes an assessment against property, but makes no provision for notice to the owner, and gives him no opportunity to be heard in respect to the correctness of the charge, lacks the essential element of "due process of law," and is unconstitutional.

SAME.—*Kind of Notice and Hearing Required.*—The notice and hearing which the Constitution demands need only be such as are adapted to the nature of the assessment proposed, and such as afford the property-owner an opportunity to show that, according to the method prescribed for making the assessment, the amount charged against him is not correct.

SAME.— *" Due Process of Law" Applies to Street Improvement Proceedings.*— Proceedings for street improvements, where the cost is to be apportioned among those benefited, although somewhat of a summary character, are within the rule which requires notice and a hearing in order that a charge may be imposed by "due process of law."

SAME.—*City of Evansville.*—*Assessments.*— *Validity of Ordinance.*—Although neither the special charter of the city of Evansville, nor the ordinance adopted in pursuance thereof, makes provision for notice to the owners of property of the levying of assessments for street improvements, yet where the ordinance provides that the assessment shall be collected by the enforcement of the lien in the same manner that mortgages are foreclosed, and as such proceedings can only be taken in pursuance of notice, the property-owner is afforded an opportunity to question the validity of the assessment, and the ordinance is valid.

SAME.—*Informalities in Proceedings.*—The provision in the charter of the city of Evansville that mere informalities of the common council in

ordering the improvement or in making the assessment or apportioning the cost shall not be available to the property-owner as a defence, does not deprive him of any substantial right, but refers to objections which do not affect the merits of the proceedings.

From the Vanderburgh Circuit Court.

G. A. Cunningham, for appellant.

MITCHELL, C. J.—Jacob Daussman and Henry Alexander, partners under the firm name of Jacob Daussman & Co., complained of Thomas E. Garvin, and alleged that they had been awarded the contract for the improvement of a certain street in the city of Evansville, which improvement it is averred had been regularly ordered, and the contract therefor duly let, by the common council of the city. The plaintiffs claimed that they had fully executed their contract and completed the improvement, and that the cost thereof had been duly estimated, apportioned and assessed as the law requires.

It is averred that the defendant is the owner of a certain tract of real estate abutting upon the improvement, and that his proportion of the cost thereof, according to the assessment made by the common council, amounted to $79.36, which sum remained unpaid, and for which a precept had been duly issued to the plaintiffs on the 20th day of November, 1885. The proceedings of the common council are exhibited with the complaint. Prayer for a judgment and for the foreclosure of the lien allowed by law.

Demurrer to the complaint was overruled, after which there was a trial upon an issue made by the general denial. There was a finding for the plaintiffs, and judgment according to the prayer of the complaint.

The city of Evansville derives its existence as a municipality from a special charter or law enacted by the Legislature in the year 1847. Section 58 of that law makes provision for the improvement and repair of streets. It is enacted therein, among other things, that the cost of street improvements may be assessed and charged upon all lots or parcels

of land fronting on the part of the 'street improved. It gives authority to the common council to provide by general ordinance for collecting the cost and expenses of such improvements, and also for the sale of the lots against which the cost and expenses may be assessed. It empowers the common council to make provision for the collection of the cost of street improvements by suit, and for the enforcement of liens as other liens are enforced, and it also declares that no informality of any order of the common council directing the making of any such improvement or repairs, nor in the making of the assessment or apportionment of the costs and expenses of the same, shall afford the defendant a defence in any action for the collection of any such costs and expenses, or for the enforcement of the lien therefor, provided the improvement or repairs were made in substantial compliance with the provisions of the act and the ordinance as passed for carrying it into effect.

The appellant concedes that the common council, in pursuance of the authority thus conferred, duly enacted general ordinances regulating the manner of making street improvements in the city of Evansville, and providing for the collection of the cost and expenses of such improvements, and that the improvements in question were made pursuant to an ordinance duly adopted on the 2d day of May, 1881. The ordinance is not regularly set out in the record, but, as it appears in the appellant's brief, and according to the concession made by counsel, it provides that, when the council shall, in pursuance of the charter, order and require any improvements to be made on any of the streets of the city, an order shall be made, designating the improvements, and thereupon the clerk shall advertise for bids, and the work shall be let to the lowest responsible bidder, who shall comply with the requirements as to bond, etc.

Section 2 provides for the mode of apportioning the cost of the work.

Section 3 provides that the mayor and city surveyor shall,

within seven days after the letting of the contract, report to the council the whole cost of the work, and the separate amount chargeable against each property-holder, and that the council shall thereupon pass an order assessing and charging each lot or parcel of real estate with its share or proportion of such expense.

Section 4 makes it the duty of the council, upon the completion of the work, to order a precept to be issued to the contractor against each parcel of real estate so assessed, which precept shall be signed by the mayor and attested by the clerk, and shall entitle the contractor to collect the same in his own name.

The subsequent sections of the ordinance authorize the contractor to collect the assessment by the enforcement of the lien thereof in the same manner mortgages are foreclosed.

It is insisted on the appellant's behalf that the assessment made against his property under the provisions of the foregoing ordinance was invalid, because neither the charter of the city of Evansville, nor the ordinance enacted thereunder, makes any provision for notice to the owners of property to be affected by street improvements, or for an appeal from the precept or assessments, as is usual in such cases. This premise being assumed, the conclusion is drawn that so much of the ordinance as authorizes the abutting property to be charged with the cost of the improvement is in contravention of that provision of the Federal Constitution which declares, in effect, that no State shall deprive any person of life, liberty or property " without due process of law."

The question presented is not whether the law and the ordinance regulating the improvement of streets have been followed; but, conceding that they have been, it is asserted that they are inadequate to create a charge against, or to impose a burden upon, property, according to " the law of the land."

It is, without doubt, essential to the validity of every law under which proceedings may be had for the taking of prop-

erty, or to impose a burden upon it which may result in taking it, that the law make provision for giving some kind of notice at some stage in the proceeding, and that it afford the owner an opportunity to be heard concerning the legality of the assessment, before some tribunal or body authorized to correct errors, or give appropriate relief, before the property is taken or the charge made absolute.

As was well said in an analogous case : " The Constitution sanctions no law imposing such an assessment, without a notice to, and a hearing or an opportunity of a hearing by the owners of the property to be assessed. It is not enough that the owners may by chance have notice, or that they may as a matter of favor have a hearing. The law must require notice to them, and give them the right to a hearing and an opportunity to be heard." *Stuart* v. *Palmer*, 74 N. Y. 183. *Fries* v. *Brier*, 111 Ind. 65; *Campbell* v. *Dwiggins*, 83 Ind. 473; *Whiteford Tp.* v. *Probate Judge*, 53 Mich. 130; *Thomas* v. *Gain*, 35 Mich. 155; *Brown* v. *City of Denver*, 7 Col. 305 (3 Am. & Eng. Corp. Cas. 630) ; *City of Philadelphia* v. *Miller*, 49 Pa. St. 440 ; *Santa Clara* v. *Southern Pacific R. R. Co.*, 13 Am. & Eng. R. R. Cas. 182 ; *Overing* v. *Foote*, 65 N. Y. 263; Cooley Taxation, 265, 266.

Any proceeding, therefore, the result of which is to deprive the owner of his property, or to impose a burden upon or create a charge against it, and which is carried on under a law which makes no provision for notice, and affords the owner no opportunity to be heard concerning the correctness of the assessment, and whether the amount charged against him or his property was ascertained and apportioned in good faith and in the manner provided by law, is in contravention of the Constitution and lacks the essential element of " due process of law." The fact must, however, be kept in view that the notice and hearing which the Constitution demands need only be such as are adapted to the nature of the assessment proposed, and such as afford to each individual affected

the opportunity to show that, according to the method prescribed by competent authority for making the assessment, the amount charged against him is incorrect. In the imposition of poll or occupation taxes, where a certain sum is assessed against each individual exercising a given avocation, or according to his age, without regard to actual benefits, the necessity of notice and a hearing is reduced to a minimum. To a measurable extent, the same principle is involved when the cost of an improvement is, as by law in proper cases it may be, apportioned by mere mathematical calculation, according to a certain rate per front foot. *Thomas* v. *Gain, supra; Lipps* v. *City of Philadelphia*, 38 Pa. St. 503; *City of Philadelphia* v. *Tryon*, 35 Pa. St. 401.

The principle which underlies and upholds special assessments, such as that involved in the present case, is, that the lands assessed are enhanced in value to an amount equal to the cost of the improvement, which is to be apportioned among those specially benefited in the manner prescribed by law. *Heick* v. *Voight*, 110 Ind. 279 ; *Ross* v. *Stackhouse, ante,* p. 200; Desty Taxation, 1237 ; Cooley Taxation, 416.

While the character of notice, and the limits within which the hearing may be confined, are in each instance dependent, to a greater or less extent, upon the nature of the case, proceedings for street improvements, where the cost is to be apportioned among those benefited, are, nevertheless, within the rule which requires notice and a hearing, in order to the imposition of a charge by "due process of law." The difficulty of framing a "perspicuous, comprehensive and satisfactory" definition of the phrase, "due process of law," has often been the subject of remark, and the courts have uniformly refrained from attempting to give it a precise or authoritative definition. *Davidson* v. *New Orleans*, 96 U. S. 97 ; *Hurtado* v. *People*, 110 U. S. 516 ; *Hagar* v. *Reclamation Dist. No.* 108, 111 U. S. 701 ; *Stuart* v. *Palmer, supra.*

It has been said, however, that : "In judging what is 'due process of law,' respect must be had to the cause and object

of the taking, whether under the 'taxing power, the power of eminent domain, or the power of assessment for local improvements, or none of these: and if found to be suitable or admissible in the special case, it will be adjudged to be 'due process of law.'" *Davidson* v. *New Orleans, supra.* If the law directing the proceedings affords the property-owner an opportunity to be heard, after due notice, in a tribunal competent to afford him relief appropriate to the nature of the case, so that the charge against his property only becomes conclusive after the opportunity for a hearing has been had, it can not be said that his property has been taken or burdened without due process of law. That the Legislature may make provision for local improvements, which are to a degree of public utility, or in a sense of a public character, and impose the cost thereof on the property or district to be specially benefited—in any manner not manifestly unfair or unequal—without first providing for intermediate proceedings to determine the necessity for the improvement, or the cost of making it, and that it may prescribe the kind of notice and the time and manner in which it shall be given, is well settled, and that it may delegate the like power to a municipal corporation is likewise settled. *County of Hennepin* v. *Bartleson* (Minn.), 34 N. W. Rep. 222; *Gatch* v. *City of Des Moines,* 63 Iowa 718 (3 Am. & Eng. Corp. Cases, 622); *Matter of De Peyster,* 80 N. Y. 565; *Washington Ave.,* 69 Pa. St. 352; *Fairbanks* v. *Mayor, etc.,* 132 Mass. 42.

In like manner the Legislature may commit to the common council of a city, or to a tribunal specially provided for the purpose, the power of apportioning the cost of an improvement, and of assessing the expense thereof, upon the property benefited in the manner provided by law, unless the method prescribed is plainly unadapted to arriving at a fair and equitable result, and, also, to determine what property within the limits defined, if any are defined, will be benefited by the improvement.

In respect to all such questions, the determination of the common council, or other body, within the limits of the jurisdiction specially committed to it, may be made conclusive. This power has been exercised and sanctioned too long to be now open to question. *City of Fort Wayne* v. *Cody*, 43 Ind. 197 ; *Ricketts* v. *Spraker*, 77 Ind. 371 ; *Anderson* v. *Baker*, 98 Ind. 587 ; *Thomas* v. *Gain, supra* ; *Warren* y. *Grand Haven*, 30 Mich. 24.

It is essential to the public good that the necessity for street and other public improvements, and the cost of making them, and such other proceedings as are necessary to insure the · prompt execution of the work, be determined and taken in a comparatively summary way.

To give each property-owner the right to contest every step in such an undertaking, would be, in effect, to prohibit the improvement, or render its execution practically impossible in many instances.

If, therefore, the law provides for giving notice and for a method whereby the property-owner may ultimately· challenge the correctness of the assessment made against his property, in respect to whether,it was made in good faith, without intervening mistake or error, and according to the method and under the safeguards provided by the law—the constitutional provision is to be deemed satisfied.

These ends seem to have been adequately provided for by the ordinance under which the improvement involved in the present case was made.

It is conceded that, under the ordinance, the assessment against the appellant's property could only be enforced by legal proceedings in a court having jurisdiction to foreclose mortgages. Such proceedings could only be taken in pursuance of notice, and in a court in which ample opportunity would be afforded for questioning the validity of the proceedings for the improvement of the street, and of all other matters respecting the legality and amount of the assessment,

or which might constitute a legitimate cause of grievance to the property-holder.

It is true, as we have seen, the statute under which the city of Evansville derives its corporate existence provides that mere informalities of the common council in directing the improvement, or in making the assessment or apportionment of the cost thereof, shall not afford a defence against the collection of the cost, provided the improvements were made in substantial conformity with the act and the ordinances passed in pursuance thereof. This, however, deprives the property-owner of no substantial right; it does nothing more than take away from him the opportunity to urge technical or formal objections, which do not affect the merits of the proceedings under which the improvement was completed. *Hagar* v. *Reclamation Dist. No. 108, supra; Reclamation Dist. No. 108* v. *Evans*, 61 Cal. 104.

We find no error. The judgment is affirmed, with costs.

Filed May 8, 1888.