Klein *v.* Tuhey.

Filed June 14, 1895.

---

No. 1,420.

## KLEIN *v.* TUHEY.

MUNICIPAL CORPORATION.—*Sewer.*—*Notice, Sufficiency.*—Notice of proposed sewer construction, signed by the city clerk, which shows, upon its face, that it was ordered by the council was clearly the council's notice, and was sufficient.

SAME.—*Sewer.*—*Notice for Hearings.*—Publication of notice on September 2d and each succeeding day, except Sunday, up to and including September 16th, the day appointed for the meeting for hearings, was sufficient notice.

SAME.—*Sewer.*—*Notice of Hearing of Report.*—*General.*—A general notice that the engineer's report has been made, and that a hearing will be had thereon at a specified time and place, is sufficient, without special notice to the land-owner.

SAME.—*Notice.*—*Legislature.*.—The power to fix the kind of notice lies with the Legislature.

SAME.—*Sewer.*—*Benefits Passed Upon by Common Council.*—*Not Reviewable by Any Other Tribunal.*—The question of benefits to property in a city from the construction of a sewer having once been passed upon by the common council, no other court or tribunal has any power to review or pass upon it.

From the Delaware Circuit Court.

*J. A. Keener* and *C. L. Medsker*, for appellant.

*R. Warner* and *A. W. Brady*, for appellee.

GAVIN, J.—The appellant by appeal to the circuit court questioned the validity of a precept for a sewer

assessment made against his property by the council of the city of Muncie. The proceedings were under the amended Barrett law, Acts 1889, page 237, R. S. 1894, sections 4288–4298 inclusive.

By the terms of this law, after the completion of the work, the engineer reports the fact to council, together with the total cost thereof and an apportionment of the cost to the lots benefited thereby in proportion to such benefits, whereupon the council must give two weeks' notice, in a newspaper published in such city, of the time and place when and where a hearing can be had upon such report, at which time any person aggrieved by such report may appear and be heard.

All the preliminary steps, including notices showing the beginning and terminal points, as well as the course of the sewer, were properly taken, the work was adjudged by the council to be necessary, duly ordered and contracted for and also properly constructed.

The first point of objection is the notice for the hearing of complaints to the assessment. This is criticised because signed by the city clerk. It shows upon its face that it was ordered by the council and was clearly the council's notice. *Catterlin* v. *City of Frankfort*, 87 Ind. 45.

The notice was published upon September 2, 1892, and upon each day thereafter (Sundays excepted) up to and including September 16, the day appointed for the meeting. There was plainly two full weeks' publication without counting that on the 16th. *Quill* v. *City of Indianapolis*, 124 Ind. 292; *Security Co.* v. *Arbuckle*, 123 Ind. 518; R. S. 1894, sections 1302–1304; R. S. 1881, section 1280.

The last objection presented to the notice is that it does not contain a description of the lands or lots benefited, with the owners' names, nor is it directed to the

owners by name, but is simply a general notice that the report has been made and that a hearing will be had thereon at a specified time and place.

The notice contains all that is required by the statute, and must therefore be regarded as sufficient. *Killian* v. *Andrews*, 130 Ind. 579; *Carr* v. *State*, 103 Ind. 548; *Sands* v. *Hatfield*, 7 Ind. App. 357.

That notice to the owner is requisite in order to fix a lien upon appellant's property, is undoubtedly the law. *Swain* v. *Fulmer*, 135 Ind. 8; *McEneney* v. *Town of Sullivan*, 125 Ind. 407; *Barber Asphalt, etc., Co.* v. *Edgerton*, 125 Ind. 455; *Kuntz* v. *Sumption, Treas.*, 117 Ind. 1; *Garvin* v. *Daussman*, 114 Ind. 429; *Weaver* v. *Templin, Tr.*, 113 Ind. 298; *Stuart* v. *Palmer*, 74 N. Y. 183; 1 Dillon Munic. Corp., section 802a.

These same authorities establish, however, the further proposition that, while it is the duty of the Legislature to provide for some notice, notice by publication is sufficient, and it is within its power to prescribe the kind of notice and the manner in which it shall be given, subject, of course, to the qualification that that which is required really be a notice, and not a mere subterfuge or evasion of the constitutional provision.

That the notice called for in this statute is reasonable has been expressly decided by our supreme court. *Quill* v. *City of Indianapolis, supra; McEneney* v. *Town of Sullivan, supra; Barber Asphalt, etc., Co.* v. *Edgerton, supra.*

Counsel argue, with signal skill and ability, that as to sewer assessments the notice is insufficient, because until the assessment has been made it has not yet been ascertained what property is benefited, and it is inequitable to require all the property-holders to be on their guard and protect themselves from action following a mere general notice by advertisement, and for that reason we

should so construe the statute as that names of property-owners or description of lands should be specified in the notice.

This argument might perhaps have had force with the Legislature to induce it to prescribe different notices for the different kinds of improvements, but it has not seen fit to so order, and we must under the authorities deem it settled that this was a matter within the legislative discretion. While it may well be that hardships will sometimes result in the administration of this law, this may occur in all proceedings where liabilities are created against property upon constructive notice only. If the appellant saw the notice under consideration (and it was only by seeing it that it could be any benefit to him, whatever its contents), he was apprised thereby that an assessment had been made in which his property might be included, and was informed where he could ascertain the fact and where and when he could take steps to remedy any wrong done thereby, and was called upon to do so.

In *Swain* v. *Fulmer*, *supra*, and *Murphy* v. *Beard*, 138 Ind. 560, it is adjudged that in giving constructive notice in proceedings of this character it is not essential that the names of the land-owners be set forth.

We do not find substantial support for appellant's position in any of the authorities cited by him except in *Kean* v. *Asch*, 27 N. J. Eq. 57 and *State* v. *City of Elizabeth*, 8 Vroom (N. J. L.), 353.

These cases, decided under a statute somewhat different from our own, cannot be regarded as authoritative against the decisions of our own supreme court.

In *Kuntz* v. *Sumption*, *supra*, upon which appellant seems to rely, the law failed to provide for any notice whatever as to the matters there in controversy, and the proceedings were, for that reason, held not maintainable,

but the power of the Legislature to prescribe the kind and manner of notice when it requires some notice is most positively affirmed.

We now come to the last proposition involved in this case. Was it permissible to the appellant in the circuit court to controvert the correctness of the council's determination that his property was benefited by the construction of the sewer?

It is settled law in Indiana that the Legislature may make the city council's determination of the benefits final and conclusive, or it may allow an appeal therefrom. *Reeves* v. *Grottendick*, 131 Ind. 107; *Sims* v. *Hines*, 121 Ind. 534; *Garvin* v. *Daussman, supra;* *Weaver* v. *Templin, Tr., supra.*

It being then within the power of the Legislature to either grant or deny an appeal as to the question of benefits, it remains to consider how this power has been exercised.

The provision of the statute, so far as it relates to this subject on appeal, is as follows: "And in case the court and jury shall find, upon trial, the proceedings of said offices subsequent to said order directing the work to be done, are regular, that a contract has been made, that the work has been done, in whole or in part, according to the contract, and that the estimate has been properly made thereon, then said court shall direct the said property to be sold and conveyed," etc. Section 4298, R. S. 1894.

Counsel's insistence is that the question as to whether or not appellant's property was in fact benefited is reviewable in the circuit court under the clause "and that the estimate has been properly made." It may be deemed doubtful whether by the term "estimate" anything more is intended than the calculations of the

engineer as to the amount and value of work done. *City of Indianapolis* v. *Imberry*, 17 Ind. 175.

Even were we however to regard the "assessment of benefits" as included in this term, that which is the subject of review is not the correctness of the judgment of the engineer and city council as to something necessarily a matter of opinion. On the contrary, the circuit court is to determine whether or not the estimate has been "properly" made, that is, according to the forms of law, in the method and manner required by law.

The language of the supreme court in *Garvin* v. *Daussman, supra*, although not used in a case similar to this, in our judgment, correctly defines the range to be taken on appeal in these cases: "If, therefore, the law provides for giving notice and for a method whereby the property-owner may ultimately challenge the correctness of the assessment made against his property in respect to whether it was made in good faith, without intervening mistake or error and according to the methods and under the safeguards provided by law, the constitutional provision is to be deemed satisfied."

The rule was rightly laid down by Reinhard, J., in *Crawfordsville, etc., Assn.,* v. *Clements,* 12 Ind. App. 464, wherein it is said: "It is quite true the common council of the city is to be the exclusive tribunal to determine when and what property is benefited by such improvements and to what extent, and when such council undertakes to determine this question its action will not be subject to review by the courts except for fraud or corruption."

The case of *City of Fort Wayne* v. *Cody,* 43 Ind. 197, cited therein, was not, it is true, decided under the present law, but the reason upon which that decision is founded is equally applicable to the case in hand.

The only authorities relied upon by counsel to sustain this contention are: *Balfe* v. *Lammers*, 109 Ind. 347; *Sims* v. *Hines, supra,* and *Robinson* v. *City of Valparaiso,* 136 Ind. 616. In the first two cases we find nothing tending to support appellant; neither do we think the language of the latter case can be so construed, when considered altogether and with reference to the matter directly under consideration, which was the property-owners' remedy where the work was improperly done. No such question as is here presented was before the court or in the mind of the learned judge.

The transcript of the proceedings before the council showing the contract, report of engineer of performance of the work, acceptance by the city, the making of the assessment, etc., was sufficient to establish a *prima facie* case in favor of the appellee. *Van Sickle* v. *Belknap,* 129 Ind. 558.

We find in the record no cause for reversal.

Judgment affirmed.

Ross, C. J., dissents.

Lotz, J., did not participate.

Filed April 5, 1895; petition for rehearing overruled June 14, 1895.