HATCH *v*. MICHIGAN CENTRAL RAILROAD CO.

1. CONSTITUTIONAL LAW—DUE PROCESS—FRAUDULENT ASSESSMENT.
   Where a board of review, reviewing assessments for the improvement of a highway, arbitrarily reduced the assessments of individual landowners and increased the assessment of a railroad company, although the land owned by each was substantially the same in character, said action amounted to a denial to the company of equal protection of the law and to a taking of its property without due process.

2. TAXATION—ASSESSMENT MATTER OF DISCRETION—ARBITRARY UNEQUAL ASSESSMENTS VOID.
   Although, ordinarily, assessment of property for benefits from a public improvement is a matter of discretion with the assessing officers, since absolute equality therein is impossible, yet where gross inequality results from purely arbitrary and intentional action, the assessment is fraudulent and void.

3. HIGHWAYS AND STREETS—ASSESSMENTS MUST BE FOR BENEFITS DERIVED.
   To be valid, an assessment for benefits derived from the

[1]Constitutional Law, 12 C. J. §§ 892 (Anno), 1060; [2]Id., 12 C. J. § 892; Highways, 29 C. J. § 506; [3]Id., 29 C. J. § 506; 28 L. R. A. (N. S.) 1171; 25 R. C. L. 96; 3 R. C. L. Supp. 1402.

improvement of a public highway must be based upon actual or probable benefits (1 Comp. Laws 1915, § 4724).

4. SAME—ARBITRARY ASSESSMENT RESULTING IN UNJUST BURDEN VOID—"BENEFITS DERIVED."

Where, in making assessments for benefits derived from the improvement of a public highway, the board of review did not follow the principle of "benefits derived," as required by 1 Comp. Laws 1915, § 4724, but made them on a purely arbitrary basis, and in so doing placed an unequal and unjust burden on the lands of one owner, the assessment must be held void.

5. SAME—REMEDY FOR FRAUDULENT ASSESSMENT NOT CONFINED TO REVIEW BY CERTIORARI.

The remedy of a landowner, whose assessment for benefits derived from the improvement of a public highway is fraudulent, is not confined exclusively to review of the proceedings by certiorari, as provided by statute, since that remedy has no application in case of fraud.

Error to Cass; Warner (Glenn E.), J.   Submitted January 5, 1927.   (Docket No. 16.)   Decided April 1, 1927.

Assumpsit by Fred Hatch and others, county road commissioners of Cass county, against the Michigan Central Railroad Company for a special assessment. Judgment for plaintiffs for less than amount claimed. They bring error.   Affirmed.

*Asa K. Hayden,* for appellants.

*Gore & Harvey,* for appellee.

MCDONALD, J.   This suit is brought to recover the amount of an assessment for the improvement of a highway in Howard township, Cass county, Michigan. It involves the legality of the apportionment as fixed by a board of review appointed for that purpose by the probate court of Cass county.   The regularity of

---

[4]Highways, 29 C. J. § 506; [5]Id., 29 C. J. § 508.

the proceedings under the statute is not in question. The review was of the apportionment of assessments as fixed by the State highway commissioner. In that assessment the defendant's property was assessed at $4,601.25. On review, the board very greatly increased this assessment on the railroad company, and materially reduced that on the property of individual owners in the same district. The defendant is willing to pay the amount assessed by the highway commissioner, but resists payment of the increase made by the board on the theory that the action of the board was so arbitrary, discriminatory, and fraudulent as to amount to a denial of equal protection of the law to the defendant, and to a taking of its property without due process. The plaintiffs insist that the assessment is just and equitable, but that in any event the defendant cannot now attack it because it did not avail itself of its statutory remedy to review the proceedings by certiorari. The case was tried before the court without a jury. In its plea and on the trial, the defendant offered to pay into court the sum of $4,601.25, that being the amount of the assessment as fixed by the highway commissioner. For this amount, with interest, the court entered judgment against the defendant. The plaintiffs bring error.

The record presents two questions:

(1) Was the assessment made by the board of review in violation of the constitutional rights of the defendant?

(2) Is the defendant now estopped from attacking the proceedings because it did not avail itself of its statutory right to review by certiorari?

1. The method followed by members of the board of review in making these assessments seems to have been to arbitrarily decrease the assessment on property of individual owners and add it to that of the defendant. They apparently paid no heed to the principle of actual or probable benefits. This is well

illustrated in the following excerpt from the opinion of the trial judge:

"The defendant owns eighty acres on section 18, known as parcel 16.    Joseph Ziegler owns 160 lying immediately east.    The defendant was originally assessed $2,305.80 on this 80 acres, and each of the eighties belonging to Mr. Ziegler was assessed $426.41. The board of review increased the defendant's assessment on this parcel to $8,540.56 and reduced that on the Ziegler parcels to $85.28 each.    It is apparent that the assessment on defendant's parcel No. 16 was increased to carry the added burden due to reductions of approximately four-fifths from the original assessment made against lands of individual landowners. This is strikingly shown by the fact that the 135 acres belonging to S. C. Thompson was originally assessed for $263.38 and reduced by the board of review to $52.68; the original assessment on the 160 acres owned by Belle Truttle was $554.49, reduced by the board of review to $110.92; eighty acres belonging to Michael Donnelly was originally assessed $391.55 and reduced by the board of review to $78.32.    *    *    *

"It appears without dispute that $10,836.01 was assessed against 432 acres of land in Howard township owned by the defendant, and $5,663.99 assessed against 3,308.76 acres in the same township owned by individuals.    The character of the soil and conformation of the land is substantially the same throughout the entire assessment district."

It is not necessary to enumerate other assessments on the several parcels of land in the district.    From the undisputed facts it is very clear that they were made by this board on a purely arbitrary basis.    At least, if any reasonable rule in regard to actual or probable benefits was followed, it does not appear in the record.    The natural result of such a method was great inequality in the assessments.    It placed a burden on defendant's lands so grossly disproportionate to that on lands of individual owners in the same district as to amount to a denial of its constitutional right to the equal protection of the law.    Of course,

absolute equality in assessments is not possible.  It is ordinarily a matter of discretion with the assessing officers.  But where the inequality is so gross as in this case, and is the result of purely arbitrary and intentional action, the assessment is fraudulent and necessarily void.  To be valid, it must be based upon actual or probable benefits.  In *Thomas* v. *Gain,* 35 Mich. 155 (24 Am. Rep. 535), it was said:

"The principle upon which alone special assessments can be sustained, is that those who enjoy the benefits shall equally bear the burden."

And the act under which any assessment for this highway was authorized provides as follows:

"All apportionment for benefits under the provisions of this act shall be upon the principle of benefits derived."  1 Comp. Laws 1915, § 4724.

The record in this case is convincing of the fact that in making this assessment the board of review did not follow the principle of "benefits derived," but made it on a purely arbitrary basis, and in so doing placed an unequal and unjust burden on the lands of the defendant.  The assessment must be held to be void.

Our finding that the assessment was fraudulent, that it was intentionally placed at an excessively disproportionate amount by the board of review, sufficiently answers the second question involved, viz., that defendant's remedy is confined exclusively to a review of the proceedings by certiorari.  The statute providing a remedy by certiorari can have no application in cases of fraud.

The circuit judge correctly disposed of the case.  His judgment is here affirmed, with costs to the defendant.

Sharpe, C. J., and Snow, Steere, Fellows, Wiest, and Clark, JJ., concurred.  Bird, J., did not sit.